**William Ross PHILLIPS, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 18833.**

United States Court of Appeals
Ninth Circuit.

July 20, 1964.

**590**

David M. Heilbron, San Francisco, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Crim. Section, David R. Nissen, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before CHAMBERS, Chief Judge, and HAMLIN and KOELSCH, Circuit Judges.

HAMLIN, Circuit Judge:

Appellant was convicted by a jury in the United States District Court for the Southern District of California of fifteen counts of interstate transportation of counterfeited securities in violation of 18 U.S.C. § 2314 (1958). Jurisdiction of this court is based on 28 U.S.C. § 1291 (1958). The issues presented by this appeal are: (1) Did the trial court err in instructing the jury on the defense of coercion; (2) was the concluding portion of the trial erroneously conducted in appellant's absence; (3) were the prosecutor's remarks in argument referring to the conviction of other members of the "ring" prejudicial; (4) was testimony of the wife of one of appellant's accomplices as to threats made to her by appellant properly admitted; and (5) did the court properly admit evidence of other instances of passing counterfeit checks?

**I**

■■ Appellant contends that he did not have the requisite intent to be guilty of the crime charged because he was coerced into passing counterfeit checks against his will. Appellant was on parole from federal prison, but had violated his parole by drawing checks against insufficient funds for about $3,000. He contended that a police officer named Irwin from West Covina allegedly found out about the violation and threatened to turn appellant in to his parole officer unless he gave him substantial sums of money. Thereafter appellant claims he was at the mercy of this extortionist and had to counterfeit checks in order to get the money.

On the question of duress the court instructed the jury as follows: "Duress or coercion does not excuse the commission of a crime, unless the compulsion is immediate, cannot be reasonably escaped, and is of such a nature as to induce a well grounded apprehension of death or serious bodily injury if the crime is not committed. A threat of prosecution or imprisonment is not sufficient coercion to excuse the commission of a crime." Appellant contends that this was error.

A short answer to appellant's contention is that at the conclusion of the court's instructions before the case was submitted to the jury appellant, although invited to do so, made no objection to the instruction. The record shows that the following occurred.

> "THE COURT: Has the defendant any objection to the giving of any instruction or the omission of any instruction?

> "MR. PARSONS: None."

Rule 30 of the Federal Rules of Criminal Procedure provides in part as follows:

> "No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

In the absence of plain error, Fed.R. Crim.P. 52(b), such failure to object to the court's instruction forecloses an appellant's right to object to such instruction. Herzog v. United States, 226 F.2d 561, 567–70 (9th Cir. 1955), up-

held on rehearing, 235 F.2d 664 (9th Cir.), cert. denied, 352 U.S. 844, 77 S. Ct. 54, 1 L.Ed.2d 59 (1956). We have found no plain error in this instruction. The question of duress as a defense to a criminal prosecution was considered by this court in D'Aquino v. United States, 192 F.2d 338, 358 (9th Cir. 1951), cert. denied, 343 U.S. 935, 72 S.Ct. 772, 96 L.Ed. 1343 (1952), where the following instruction was given:

"[I]n order to excuse a criminal act on the ground of coercion, compulsion or necessity, one must have acted under the apprehension of immediate and impending death or of serious and immediate bodily harm. Fear of injury to one's property or remote bodily harm do not excuse an offense."

This instruction was held to be a correct statement of the law. The similarity between the instruction given in *D'Aquino* and that in the instant case is obvious.

## II

■ Appellant's next contention is that the jury was instructed in his absence and that he was not present when the verdict of the jury was returned. The record shows the following events occurred. On Thursday evening, April 18, 1963, the arguments of counsel were concluded and the case was continued until the following morning at 9:45 a. m. for the instruction of the jury. At that time appellant, who was on bail, did not appear although his retained counsel was present. The court waited until 10:45 a. m., at which time the court called the case in the absence of the jury. Appellant's counsel stated that appellant's wife had told him that she and appellant had arrived at the courthouse a little after 9 that morning, that appellant had told her that he had gone to park the automobile, and that she went to the courtroom. The appellant, however, never arrived in the courtroom. Appellant's wife was called to the stand and she testified generally to the above facts, stating that she last saw her husband at 9:15 a. m. in front of the postoffice and that he had then told her to go on. He said he would be right there. The representative of the bail bond company was in court and after some discussion appellant's counsel and the representative of the bail bond company requested the court that bail be forfeited and a bench warrant issued. The court complied with this request and continued the case until the following Monday morning, April 22, 1963, at 9:30 a. m. Again the appellant was not present at that time. Appellant's counsel had no further information on Monday morning as to the whereabouts of appellant, although he said that he had seen a representative of the bail bond company who told him that he had heard from appellant over the weekend and expected him to be in court. After some further remarks between court and counsel the jury was brought into court and the judge proceeded to instruct the jury.

Thereafter, the jury retired to deliberate and later that day brought in its verdict, finding appellant guilty upon all fifteen counts charged against him in the indictment. Prior to the return of the jury's verdict, no reference was made in the presence of the jury to the absence of the appellant. On May 20, 1964, at the time sentence was imposed, appellant had been apprehended and was present in court.

Rule 43 of the Federal Rules of Criminal Procedure provides in part as follows:

"The defendant shall be present at the arraignment, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by these rules. In prosecutions for offenses not punishable by death, the defendant's voluntary absence after the trial has been commenced in his presence shall not prevent continuing the trial to and including the return of the verdict."

From the circumstances of the case, the court had a right to infer that the absence of the appellant was voluntary and we see no error in proceeding to instruct the jury and receive its verdict in appellant's absence.[1]

### III, IV and V

 We have examined appellant's remaining contentions and find no merit in them. The prosecutor's remarks in argument complained of were legitimate comment when taken in context. The evidence of the threat by appellant to a witness showed lack of coercion and consciousness of guilt and the evidence of the passing of other checks was admissible to show common scheme or design, intent and state of mind.

Judgment affirmed.

---

[1] It might be noted in passing that experienced retained counsel did not in making his motion for a new trial refer in any way to the absence of appellant during the instructions and at the return of the verdict.