**UNITED STATES of America**

**v.**

**Milton CURETON, Defendant.**

**Crim. No. 1055–66.**

United States District Court
District of Columbia.

June 26, 1968.

Harold Titus, Asst. U. S. Atty., Washington, D. C., for the United States.

Lyle L. Robertson, Washington, D. C., for defendant.

John C. Lawrence, Washington, D. C., for defendant on appeal.

MEMORANDUM

McGARRAGHY, Senior District Judge.

This hearing was held pursuant to an opinion of the United States Court of Appeals decided April 18, 1968, 130 U.S. App.D.C. 22, 396 F.2d 671. The hearing was held to particularly ascertain the circumstances under which the defendant absented himself from the court during the course of his trial. The primary thrust of the hearing was to determine the voluntariness of the defendant's absence.

In order to place the issue in its proper perspective, and for the sake of clarity, a review of the factual occurrences which necessitated the present hearing will be

outlined. The defendant was indicted for housebreaking, arson, and malicious destruction of personal property. He was released on personal recognizance pending trial. His trial commenced on Thursday afternoon, February 9, 1967. Defendant was present and was represented by counsel, who with defendant's assistance proceeded through the voir dire examination of prospective jurors. A jury panel was selected and was sworn. Due to the lateness of the hour, and in order to avoid any prejudicial effects of the prosecutor's opening statement, since the jurors could ponder over it without the benefit of rebuttal for three days, the trial was respited until Monday morning, February 13, 1967. The jurors were instructed by the court in the presence and in the hearing of the defendant to report promptly at 10:00 o'clock on Monday morning to resume the trial. However, as the Court of Appeals pointed out, the court did not specifically address the defendant to instruct him to report on Monday morning. Although the court did not instruct the defendant to be present in the courtroom on Monday, the trial transcript (Tr. 33) makes it unequivocally clear that his attorney admonished him to be there.

When the trial was resumed on Monday at 10:00 o'clock, the defendant was absent. The court, after ascertaining that the defendant was not available for trial, issued a bench warrant and recessed the proceedings until that afternoon. The trial was reconvened at 1:45 p. m., and the court reviewed the attempts which had been made to locate the defendant. The trial transcript discloses that a Deputy United States Marshal, pursuant to the bench warrant, proceeded to the address which the defendant had given on his bail release and failed to locate him. His attorney also attempted to contact him by telephone but he was unable to find him. A police officer from Number Two Precinct testified that the defendant had not reported to the precinct station, which was one of the conditions of his release, since Friday, February 10, 1967.

The record indicates that his attorney cautioned him to report to the precinct station each day (Tr. 33). The trial transcript also indicates that a diligent search of the courthouse, including the witness room, was made by his attorney and by the United States Marshal. The defendant, however, could not be found.

Before the court directed that the trial proceed, every effort was made to locate the defendant. The absence of the defendant was called to the attention of the court by his counsel and when the court stated that if the defendant deliberately absented himself, the court could proceed in his absence, and asked counsel for the defendant if he knew where the defendant lived. Said counsel responded:

"I can call his grandmother's; where I have been calling to contact him." (Tr. 28)

In response to an inquiry as to whether such call had been made, counsel stated that he had not made such a call because he was hoping the defendant would show up. There was then further discussion as to procedures that might be followed in order to locate the defendant and counsel for the defendant stated that he would call to the address of the defendant given on the order for personal recognizance and that he would also call Number Two Precinct to which the defendant was required under those conditions to report daily. Counsel for the defendant further stated:

"I called the address that I have been calling to locate him and talking to his grandmother from time to time. A party answered the phone, stating that she was a roomer there. I asked her if she knew Milton Cureton. She said she had no knowledge of him. I asked her if she knew where his grandmother was. She said that Mrs. Elliott, the defendant's grandmother, had been called to North Carolina over the weekend due to a death in the family. She thought that she would be back some time today. I then asked her if she knew anything of the whereabouts

of Milton Cureton. He has brothers and sisters. She said she had no knowledge at all.

"I thereafter checked in the courtroom of Chief Judge Curran. He was not there. I went to the witness room in the Assignment Office. He was not there.

"The police officer, as Your Honor has been informed, says that he has not reported to Number Two Precinct since Friday." (Tr. 32–33)

Thereafter, counsel for the defendant stated that he would like to make a statement for the record, and then said this:

"That is that my recollection is clear that Friday I told him to be—that I would see him here Monday morning."

THE COURT: "You don't mean Friday, you mean Thursday; Thursday was the last day we were in court."

MR. ROBERTSON: "Thursday. And I also cautioned him to be sure to report to the police precinct each day.

"Now Saturday, I heard nothing from him Friday—I was in my office all day Friday. Saturday I was in my office working. I was home excepting yesterday afternoon, I spent three hours in the library working on this case, trying to do something to make a defense for this defendant.

"I just want the Court to know that I have been diligent and have absolutely no knowledge of his whereabouts.

"I might also point out that at the time he was released on his personal recognizance, Chief Judge Curran advised him if he did not comply with the conditions therein, he would go to the penitentiary." (Tr. 33–34)

Thereafter, following a further discussion with counsel, the court, after issuing a bench warrant for the defendant, recessed the case until 1:45 that afternoon.

Upon reconvening the court at 1:45 p. m., all parties concerned reported their inability to locate the defendant, and his own counsel stated:

"I have been unable—I made two telephone calls. I have no knowledge of his whereabouts." (Tr. 38)

Over the objection of defense counsel, who reiterated that he admonished the defendant to be present in court (Tr. 45), the court concluded that the defendant had voluntarily absented himself and decided that under the authority of Rule 43 of the Federal Rules of Criminal Procedure, the trial could proceed. The objection by defense counsel was premised on the prejudicial effect the defendant's absence might have on the jury. Defense counsel, however, did not request a further extension of time so that a more extensive search could be made to locate the defendant.

The trial proceeded to its conclusion and a verdict of guilty on all counts was returned by the jury. The defendant was not found until April 22, 1967, *more than two months later*, when he was arrested and charged with assault.

At the hearing, the defendant testified and attempted to explain his absence. He testified that he did not recall the court's admonition to the jury. He also did not remember if his counsel had advised him to return to the courtroom on Monday morning. The defendant stated that on Monday he waited in the witness room on the third floor of the courthouse. This was the same witness room from which he had been called to court on Thursday, that is the witness room next to the Assignment Office. His statement as to his presence in the witness room is obviously self-serving. At trial, his attorney commented that he had checked this witness room and failed to see his client (Tr. 33). Furthermore, at the hearing, the Deputy United States Marshal testified that the witness room had been searched and the defendant had not been found.

The defendant further testified that he waited in the witness room not only on Monday, but also all day Tuesday, February 14, 1967. However, on Wednesday he did not present himself to the witness room. It is noteworthy that he testified that he presented himself in the witness

room during the days his trial was proceeding, but with some form of clairvoyance he failed to appear on Wednesday when his trial was completed and did not thereafter appear.

The testimony elicited at the hearing also indicated that the defendant knew he had to be present in court during his trial and the only explanation proffered for his absence was that he was waiting in the witness room to be called. The government presented evidence to indicate that the defendant had been arrested on numerous occasions and either forfeited collateral or was convicted for minor offenses. However, one of these arrests resulted in a felony conviction. It is obvious from the record that the defendant is extremely familiar with the judicial process and knew that he had a right and an obligation to be present at trial.

The defendant also testified that he knew his attorney's telephone number, but failed to contact him to inform him of his whereabouts or to inquire as to the results of the trial. He also failed to inform his attorney as to his change of address. On his personal recognizance release form he had given his grandmother's address; however, subsequent to his release, he claimed to have lived with his brother,

The defendant was released on personal recognizance subject to the condition that he report to the Number Two Precinct each day. He could give no clear explanation as to his failure to report to the precinct station as required, except that he had gone there once subsequent to his disappearance from the courtroom, and could not register since he lacked personal identification. He also claims that he inquired at the precinct whether or not he was wanted by the police; however, he was informed that there was no fugitive warrant outstanding against him. His brother's testimony substantiated these statements; however, the Deputy Marshal testified that an FBI flyer had been issued for the defendant pursuant to the bench warrant and that this had been circulated in the District of Columbia.

His brother's testimony also substantiated defendant's claim that he was living with his brother subsequent to his release on personal recogizance. His brother also testified to the fact that the defendant had worked with him prior to the defendant's arrest on April 22, 1967.

The defendant's grandmother testified that he stayed with his brother subsequent to his release corroborating the brother's testimony. However, the Deputy Marshal's testimony indicated that when the grandmother was interviewed on February 13th or 14th she had no knowledge of the defendant's whereabouts or whether he was then living with any relative.

The defendant remained at large until he was arrested on an independent charge of assault on April 22, 1967. His name was noted by the Deputy Marshal on the jail admission sheet on April 24, 1967.

From the testimony obtained at the hearing in combination with statements made at the trial, it can be readily ascertained and reasonably concluded that the defendant voluntarily absented himself from the trial. His claim that he was present in the witness room waiting to be called was refuted not only by the Deputy Marshal's testimony but also by his own attorney. A diligent search of the courthouse was conducted and he could not be found. An inquiry made at the address which was on his personal recognizance release form proved to be futile, since he was not living there at the time.

The defendant was familiar with our judicial system. He had been tried previously for a felony offense. His actions at the time of trial indicate to this court that he voluntarily absented himself. This conclusion is premised on all the evidence presented at the hearing in conjunction with the statements made at the trial.

At the commencement of the hearing on remand, counsel for the defendant filed a brief, the thrust of which was that a defendant has the right to be confronted with witnesses called against

him as guaranteed by the Sixth Amendment. There is no dispute over this isssue. However, the court is of the opinion that a defendant has the right voluntarily to absent himself and may not, by doing so, prevent the trial from going forward.

The record in this case conclusively establishes that the defendant knowingly and voluntarily absented himself from the courtroom during the trial which he knew was then in progress; that he failed to comply with the instructions of his lawyer and failed to communicate with his lawyer at any time following the recess on the first day of the trial; that he made it impossible for his lawyer or other authorities to communicate with him by living at an address other than the one which he had furnished at the time of his release on personal recognizance and where he was required to live as one of the conditions of his release, thus being in violation of the terms of his release; that he failed to communicate with the police precinct as he was required to do, and that this absence and these violations of the conditions of his release continued over a period of more than two months during which he could not be located and that his apprehension was finally accomplished when he was arrested on a charge of assault for which he was subsequently charged, tried and convicted. It was only after this apprehension that it finally became possible for the court to impose sentence.

It is true that Rule 43 does not impose a mandatory order upon the trial judge to continue the trial upon the absence of the defendant; however, it does empower the trial judge to continue when it is affirmatively determined that the defendant voluntarily absented himself from the proceedings. It is the conclusion of this court that the defendant's absence was voluntary, that he was aware of the processes taking place, that he knew of his right and of his obligation to be present, and that he had no sound reason for remaining away.

In view of the conclusions stated above, the judgment will remain in effect.