William Eugene GILBERT, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 2–1276A477.

Court of Appeals of Indiana,
Second District.

Oct. 1, 1979.

Fred Samper, Jr., Grant W. Hawkins, Samper, Samper, Thomas & Hawkins, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen. of Indiana, Alembert W. Brayton, Deputy Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

William Gilbert appeals his jury conviction of second degree burglary. I.C. 35–13–

4–4 (Burns Code Ed.1971).[1] He seeks reversal on the basis that a portion of his trial was conducted *in absentia* without an express and voluntary waiver of his right to be present.[2] We affirm.

Gilbert waived formal arraignment and entered a plea of not guilty on December 24, 1975. The trial was scheduled for 9:00 a. m. on June 11, 1976. Gilbert, free on bond, failed to appear in court on the morning of trial. The trial judge delayed the proceedings for thirty minutes and then called both Gilbert's bailbondsman and attorney to the stand. Each testified that Gilbert had been reminded of the time of trial on the previous night. Gilbert's attorney, Timothy Burns, also testified that Gilbert knew of the whereabouts and location of the courtroom, but that he could not be certain that Gilbert was sober during their previous conversation since Gilbert was an alcoholic.

The trial judge thereupon issued a bench warrant for Gilbert's arrest and proceeded with the trial over Mr. Burns' objection. Burns refused to conduct voir dire, made no opening statement, did not respond to requests for cross-examination of the State's witnesses, and did not comment upon the admission of an exhibit by the State.

After the State had presented three witnesses in its case-in-chief, the trial court was informed that Gilbert had been apprehended and was present in the courthouse. The court recessed, and, upon reconvening, held a hearing outside the presence of the jury. Gilbert testified that, although he knew of the time of trial, he had been drinking heavily the night before and on the morning of trial. Gilbert further testified during the defense's case-in-chief that he was an alcoholic, that he could not control his drinking, and that, although he had no intention of missing the trial, he was sick in bed from drinking on the morning of trial. Dr. Rosendo Tiansinsin, Medical Director of the Alcoholism Clinic of Central State Hospital, testified that Gilbert had been a patient of Central State Hospital, was an alcohol addict, and suffered withdrawals. The trial court, however, denied Gilbert's motion for a mistrial and proceeded with the trial.

The necessity of a defendant's presence at trial is governed by the Sixth Amendment to the United States Constitution, by Article 1, section 13 of the Indiana Constitution, and by I.C. 35–1–28–1 (Burns Code Ed.1971), which provides:

> "*Presence of accused—Offenses punishable by death or imprisonment.*—No person prosecuted for any offense punishable by death, or by confinement in the state prison or county jail, shall be tried unless personally present during the trial." [3]

In *Harris v. State* (1967) 249 Ind. 681, 231 N.E.2d 800, the Indiana Supreme Court interpreted the mandate of I.C. 35–1–28–1 as follows:

> "It has been held that this statute is implementive of the Constitution of Indiana, Article 1, § 13, and that the right to be present at trial includes the right to be present in the courtroom at every stage of the proceedings requiring the presence of the jury. *Dean v. State* (1955), 234 Ind. 568, 572, 130 N.E.2d 126, 128. If this right can be waived at all, such waiver should be expressly given by the defendant, *Miles v. State* (1944), 222 Ind. 312, 319, 53 N.E.2d 779, 782." 249 Ind. 688, 231 N.E.2d 804.

Although *Harris v. State, supra,* and its predecessor, *Miles v. State* (1944) 222 Ind. 312, 53 N.E.2d 779, left open the question whether, under Indiana law, a defendant could expressly waive his right to be present at trial, that question was subsequently addressed by the First District of this court in *Broecker v. State* (1st Dist. 1976) Ind.App., 342 N.E.2d 886. A majority

---

1. I.C. 35–13–4–4 Repealed by Acts 1976, P.L. 148 § 24.

2. The State argues that Gilbert waived any error on appeal because of certain nuances in his objections raised at trial, in his motion to correct errors, and in his brief. We nevertheless choose to treat the issue on the merits.

3. I.C. 35–1–28–1 Repealed by Acts 1978, P.L. 2 § 3555.

of the Supreme Court in *Howard v. State* (1978) Ind., 377 N.E.2d 628, *cert. denied* 439 U.S. 1049, 99 S.Ct. 727, 58 L.Ed.2d 708, answered the question in the affirmative.

More recently, this Court concluded that a defendant may impliedly waive his right to presence at trial by conduct evincing a desire not to be present. *Brown v. State* (2nd Dist. 1979) Ind.App., 390 N.E.2d 1058; *Taylor v. State* (3rd Dist. 1978) Ind.App., 383 N.E.2d 1068.

*Broecker v. State, supra,* 342 N.E.2d 886, held that defendant's presence could be waived at the commencement as well as during certain interim portions of the trial, quoting extensively from *United States v. Tortora* (2nd Cir. 1972) 464 F.2d 1202 (*cert. denied* 409 U.S. 1063, 93 S.Ct. 554, 34 L.Ed.2d 516).

See also *United States v. Peterson* (4th Cir. 1975) 524 F.2d 167, *cert. denied* 423 U.S. 1088, 96 S.Ct. 881, 47 L.Ed.2d 99.

■ Gilbert first contends that the trial court was required to determine the existence of waiver or voluntary absence before any portion of the trial *in absentia* could proceed, and, further, that said determination was required to be made only upon the evidence then available. We agree with the court in *People v. Connolly* (1973) 36 Cal. App.3d 379, 111 Cal.Rptr. 409, that such contention is without merit. The court therein stated:

> "Defendant contends that the trial court had insufficient facts before it, when it proceeded in defendant's absence, to establish that the absence was voluntary. The contention infers that once defendant is found to be absent, the appropriate standard to be utilized in determining the voluntariness of the absence must then be met.
>
> In the first *Cureton* case (*Cureton v. United States* (1968) 130 U.S.App.D.C. 22, 396 F.2d 671), the court concluded 'that if a defendant at liberty remains away during his trial the court may proceed provided it is clearly established that his absence is voluntary. He must be aware of the processes taking place, of his right and of his obligation to be present, and he

must have no sound reason for remaining away.' (396 F.2d at p. 676.)

> In the second *Cureton* case (*United States v. Cureton* (D.D.C.1968) 302 F.Supp. 1065), upon remand, the trial judge concluded 'that the defendant knowingly and voluntarily absented himself.' (302 F.Supp. at p. 1069.) In the third *Cureton* case (*Cureton v. United States* (1969) 134 U.S.App.D.C. 144, 413 F.2d 418), the determination of the trial court was upheld.

Defendant's constitutional right to be present at trial is involved and consequently, the rule formulated in the *Cureton* cases should be the appropriate test—i. e., that defendant's absence was knowing and voluntary. However, defendant would have us apply this test in a manner that would make the practical application of section 1043(b)(2) difficult if not impossible.

Unquestionably section 1043(b)(2) was designed to prevent the defendant from intentionally frustrating the orderly processes of his trial by voluntarily absenting himself. A crucial question must always be, 'Why is the defendant absent?' This question rarely can be answered at the time the court must determine whether the trial should proceed. Consequently, in reviewing a challenge to the continuation of a trial pursuant to Penal Code section 1043(b)(2) it must be recognized that the court's initial determination is not conclusive in that, upon the subsequent appearance of the defendant, additional information may be presented which either affirmed the initial decision of the court or demands that defendant be given a new trial. It is the totality of the record that must be reviewed in determining whether the absence was voluntary.

When looking to the initial proceedings involving the determination to proceed with trial, sufficient facts must be before the court to establish what reasonably appears to be a prima facie showing of voluntary absence. In the usual case a continuation of at least a few hours in

order to locate defendant is appropriate. Once the defendant is again before the court he may challenge the propriety of proceeding in his absence. In this regard he can testify and present other evidence on the issue of whether his absence was in fact voluntary. On appeal the reviewing court must determine, on the whole record, whether defendant's absence was knowing and voluntary. (See: *United States v. Partlow* (2d Cir. 1970) 428 F.2d 814; *Cureton v. United States* (1968) *supra*, 130 U.S.App.D.C. 22, 396 F.2d 671; *Phillips v. United States* (9th Cir. 1964) 334 F.2d 589, 591–592; *United States v. Cureton* (D.D.C.1968) *supra*, 302 F.Supp. 1065.)

To look solely at the facts initially before the court would be patently unfair. If the facts initially before the court demonstrated a voluntary absence when in fact defendant was involuntarily absent, by defendant's reasoning, even when the truth was known, if the trial court refused to grant defendant relief, the reviewing court would be compelled to uphold the ruling. Such a result would be an abuse of the judicial process. The determination of the reviewing court *must* be based upon the totality of the facts; not just a portion of them." 111 Cal.Rptr. at 412–413.

Further evidence of the validity of making the determination of waiver subsequent to the proceedings *in absentia* is the disposition rendered by the appellate court in *Cureton v. United States* (D.C.Cir. 1968) 130 U.S.App.D.C. 22, 396 F.2d 671. There, upon a finding that inquiry into the voluntariness of defendant's absence was insufficient, the court remanded for a hearing on that issue. Obviously, the remand in *Cureton* would be inconsistent with a requirement that the determination of voluntary absence be limited to the evidence available at the moment of defendant's absence. Furthermore, the court stated in *Cureton*: "It would go a long way to avoid uncertainty in such cases where the trial court *at the time of sentencing* to explore the reason the defendant was absent." 396 F.2d at 676. (Emphasis supplied.)

■ Gilbert argues that the record contains evidence that he suffered from an alcoholic condition which, on the morning of trial, negated on his part "a desire not to be present at times when he knew he should have been in court." *Wade v. United States,* 441 F.2d at 1049–50.

This Court is not willing to conclude that Gilbert was totally incapable of insuring his own presence at trial despite his alleged condition. Gilbert, being cognizant that he suffered from his chronic condition, should have appreciated the importance of the trial and therefore have taken precautionary steps such as having his family, attorney or bailbondsman call and check on him.

Here the trial court followed the appropriate procedure. When Gilbert failed to appear, the proceedings were delayed and evidence was heard concerning Gilbert's whereabouts. Gilbert's attorney affirmed that he had spoken to Gilbert on the previous evening and that Gilbert knew the time and location of the trial. The trial court then issued a bench warrant for Gilbert's arrest, proceeded with trial and, upon Gilbert's appearance, heard additional evidence. *See Brown v. State, supra,* 390 N.E.2d 1058; *Taylor v. State, supra,* 383 N.E.2d 1068.

■ *Taylor v. State, supra,* established that an absent defendant cannot take solace in the fact that his delay or absence was due in part on circumstances beyond his control, if those circumstances could have been averted by the taking of reasonable precautions. In *Taylor,* the defendant's alibi was that his mother failed to pick him up as planned. The court noted that the defendant's continued absence coupled with a failure to notify the court and supply an adequate explanation constituted a waiver of presence at trial.

■ The trial court did not abuse its discretion in proceeding to trial in Gilbert's absence.

The judgment is affirmed.

BUCHANAN, C. J., and SHIELDS, J., concur.