David WINKELMAN and Joyce Winkelman, Appellants (Defendants Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 35A04–8604–PC–112.

Court of Appeals of Indiana, Fourth District.

Oct. 8, 1986.

Rehearing Denied Nov. 21, 1986.

---

John S. Bloom, Bloom, Bloom & Fleck, Columbia City, for appellants.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Judge.

David Winkelman and his wife, Joyce Winkelman, appeal their convictions of the crime of neglect of a dependent. They contend they were denied a fair trial; specifically, they contend that they did not knowingly and intelligently waive their right to present evidence on their own behalf.

The Winkelmans were charged with the crime following the death of their three week old son from pneumonia. They had refused to provide conventional medical care and instead relied upon prayer and their religious beliefs for his treatment. The Winkelmans chose to represent themselves at trial.

After the state rested its case, the following discourse occurred between the Winkelmans and the trial judge:

JUDGE MANN: All right. Mr. Winkelman, do you wish to present a defense?

MR. WILNKELMAN [sic]: (Inaudible).

JUDGE MANN: Mrs. Winkelman?

MRS. WINKELMAN: Are you calling me?

JUDGE MANN: Beg your pardon?

MRS. WINKELMAN: Are you calling me or my husband?

JUDGE MANN: I say do either of you wish to present defense?

MR. WINKELMAN: I'd just like to say to the jury—

JUDGE MANN: Now, Just a moment. Uh—this is the period of time when you shall present witnesses on your own behalf.

MR. WINKELMAN: Oh, okay. NO.

JUDGE MANN: You do have a time for argument just a little later.

MR. WINKELMAN: Okay.

MR. BRANHAM: Your Honor, he has the right to make himself a witness if he wishes.

JUDGE MANN: Yes. And you may testify yourself. Either one of you or both of you.

MR. WINKELMAN: Will we have a chance to—uh—present our—later on or is this the—

JUDGE MANN: At this point in time—uh—you have a chance to argue later on.

MR. WINKELMAN: I don't want to argue. I just want to state—uh—

JUDGE MANN: You may present a statement later on.

MR. WINKELMAN: Okay.

JUDGE MANN: You—uh—

MR. WINKELMAN: Okay.

JUDGE MANN: —your consideration—

MR. WINKELMAN: I—I don't wish to call no—no—uh—

JUDGE MANN: You don't wish to call any witnesses?

MR. WINKELMAN: —witnesses to the stand. Right.

JUDGE MANN: All right. You understand of course that you do have the right to?

MR. WINKELMAN: Mm-hum.

JUDGE MANN: In other words then—uh—the defense would rest. All right. We'll take a short recess to settle instructions.

 The sole issue presented is whether the Winkelmans were denied their substantive constitutional right to be heard at their trial. To deny them this right would be fundamental error, that is, an error which is blatent and if not rectified would

deny fundamental due process. *Bailey v. State* (1985), Ind., 472 N.E.2d 1260, 1263. Such error occurred here.

The right to be heard in criminal cases is guaranteed by the Constitution of Indiana.

> In all criminal prosecutions, the accused shall have the right to a public trial ... to be heard by himself and counsel.

Ind. Const., art. I, § 13. The trial judge did not explain that right to the Winkelmans. Rather, he merely engaged in a disjointed and interruptive colloquy with them. No statement or response from Joyce Winkelman appears at all. The record is inaudible at one point. This is a record of interruptions, broken sentences, and unintelligible responses with the trial judge and David Winkelman both talking at the same time, neither listening to the other.

It was the duty of the trial judge to clearly explain to the Winkelmans that they could offer testimony, including their own, at the end of the state's case. It also was his duty to clearly make a record of the explanation. He did neither. The state's response that the defendants were "nevertheless able to make their statement to the jury and *testify during their final argument*" is ludicrous. Testimony is not taken during final argument. Testimony is evidence given by a competent witness under oath or affirmation. Neither defendant was sworn as a witness. Neither testified. Mr. Winkelman's final argument was not evidence and could not have been considered by the jury as evidence. The prosecutor correctly pointed this out to the jury in final argument. Therefore, the constitutional right to be heard was not satisfied by merely allowing the Winkelmans to present final argument. Further, the Winkelmans did not knowingly and intelligently waive their right to be heard as the trial judge did not explain to them that they could testify as witnesses in their own behalf.

Reversed and remanded for a new trial.

CONOVER, P.J., and MILLER, J., concur.