**Charles L. GRIFFIN, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 685S248.

Supreme Court of Indiana.

Dec. 31, 1986.

Susan K. Carpenter, Public Defender, June D. Oldham, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Appellant Charles L. Griffin and his two cohorts were accused of robbing an elderly

man and his middle-aged companion after beating them with two-by-four boards. Griffin was convicted of two counts of armed robbery, class A felonies, Ind.Code §§ 35-42-5-1, 35-41-2-4 (Burns 1985 Repl.). He received consecutive sentences of thirty years on the first count and forty years on the second.

In this direct appeal, Griffin raises two issues:

1) Whether the trial court properly found that his absence from the second day of trial was voluntary.

2) Sufficiency of the evidence.

### I. Absence from Trial

■ Griffin failed to appear in court on the second day of his trial. He did not contact his attorney or the court beforehand to explain his absence. The trial court made a preliminary ruling that Griffin's absence was voluntary and proceeded with trial. Three months after the jury returned a guilty verdict, Griffin was captured out of state and returned to Indiana. The trial court subsequently conducted a hearing to determine the voluntariness of his absence, in accordance with *Gilbert v. State* (1979), 182 Ind.App. 286, 395 N.E.2d 429. Griffin argued that he fled to escape the threats and harrassment of a South Bend police officer. Griffin said he believed at the time that his life would have been in danger if he had remained at his home and appeared in court. Explicitly finding Griffin's story unbelievable, the trial court again ruled that his absence was voluntary and allowed the verdict to stand.

The Sixth Amendment and the Indiana Constitution guarantee an accused the right to be present during his trial and to confront witnesses against him. U.S. Const. amend. VI; Ind. Const. art. I, § 13. However, a defendant may waive that right if his decision is knowing and voluntary. *Martin v. State* (1984), Ind., 457 N.E.2d 1085. The police officer identified by Griffin unequivocally denied making any threats or otherwise harrassing Griffin. Other testimony greatly diminished Griffin's credibility. For example, the evidence

established that Griffin had lied to the court when he arrived late for the first day of his trial. His excuse was that he had been hit by a car outside the company where he had just completed the night shift and that an employee of another company drove him to the hospital. Griffin sought a continuance on that ground. Documents presented in court showed that neither Griffin nor his driver were employed at the companies. Other evidence showed that Griffin had lied to police when recounting his activities during his three-month absence.

The evidence makes clear that Griffin voluntarily absented himself from trial and later concocted a story about police threats only after his original attempt to escape trial failed. The evidence showed that the catalyst for his illegal flight was not fear of death, but, rather, fear of an extended jail sentence. We find no error.

### II. Sufficiency of the Evidence

Griffin also alleges that the evidence was not sufficient to identify him beyond a reasonable doubt as the robber. When reviewing such a claim, this Court will neither weigh the evidence nor judge the credibility of witnesses. We will look only to the probative evidence, and the reasonable inferences therefrom which support the verdict, to determine whether a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Loyd v. State* (1980), 272 Ind. 404, 398 N.E.2d 1260, *cert. denied*, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

■ Griffin notes that the elderly victim made an equivocal identification in court, and the younger victim testified that Griffin did not hit him. Identification evidence need not be unequivocal to be sufficient to support a conviction. *Mayes v. State* (1984), Ind., 467 N.E.2d 1189. Furthermore, the younger victim positively identified Griffin in court as one of the three robbers. He testified that another accomplice hit him and took his wallet as Griffin was helping to procure the elderly victim's wallet. This testimony clearly was

sufficient to establish Griffin's culpability as a principle in the robbery of the elderly victim and an accessory in the robbery of the younger victim. Ind.Code § 35–41–2–4 (Burns 1985 Repl.).

In any case, one of Griffin's accomplices testified that Griffin planned and participated in the robberies. The uncorroborated testimony of an accomplice is sufficient to support a robbery conviction. *Sumner v. State* (1983), Ind., 453 N.E.2d 203. Minor inconsistencies between the testimony of the victims and the accomplice were for the jury to resolve and did not make the accomplice's testimony inherently incredible.

The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.