David **ELLIS**, Appellant
(Defendant Below),

v.

**STATE** of Indiana, Appellee
(Plaintiff Below).

No. 45A04–8702–CR–61.

Court of Appeals of Indiana,
Fourth District.

Nov. 12, 1987.

Nathaniel Ruff, Appellate Div., Lake Superior Court, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

CONOVER, Judge.

David Ellis (Ellis) appeals his conviction for attempted automobile theft. Ellis presents only one issue in this appeal:

> whether the trial court committed fundamental error by questioning Ellis, when his attorney was not present, regarding Ellis's absence from trial.

Remanded with instructions.

On May 8, 1986, an attorney was appointed to represent Ellis who had been charged with attempted automobile theft. At a preliminary hearing held on July 8, 1986, attended by both Ellis and his attorney, the trial court informed the parties trial would be held on September 29, 1986. Ellis failed to respond to a letter his attorney sent on September 24, 1986. When he did not appear for trial, the trial court issued a bench warrant for his arrest. Ellis was tried *in absentia,* but his attorney was present and represented his interests. The jury returned a verdict of guilty.

On October 6, 1986, Ellis appeared, without his attorney. The trial court questioned him regarding his absence from the trial. Ellis responded that he was in the county and not incarcerated or hospitalized on September 29, 1986. Although Ellis's attorney was present at the sentencing hearing, he did not object to the trial court's questioning Ellis in counsel's absence at the October 6th hearing. Ellis's attorney also failed to raise the issue in his motion to correct errors.

█ Generally, a party must make an objection at trial and include the issue in his motion to correct errors if he wishes to raise it on appeal. Ind.Rules of Proc., Trial Rule 59(A)(5); Appellate Rule 8.3(A)(7). An exception to this general rule, however, exists where the error complained of is fundamental. "To be categorized as fundamental error and thus to transcend our procedural requirements, the error must be blatant, and the potential for harm must be substantial and appear clearly and prospectively." *Lacy v. State* (1982), Ind., 438 N.E.2d 968 (quoting *Nelson v. State* (1980), 274 Ind. 218, 409 N.E.2d 637, 638). "The error complained of must be such, that if not rectified, would deny the defendant 'fundamental due process'. It is not enough that it relates in some manner to the violation of a constitutional right." *Johnson v. State* (1979), 271 Ind. 145, 390 N.E.2d 1005, 1010 (citing *Malo v. State* (1977), 266 Ind. 157, 361 N.E.2d 1201; *Bobbitt v. State* (1977), 266 Ind. 164, 361 N.E.2d 1193).

█ Denial of a defendant's substantive right to be present and heard at trial is fundamental error and, if not rectified, constitutes denial of fundamental due process. *Winkelman v. State* (1986), Ind. App., 498 N.E.2d 99 (citing Ind. Const., art. I Sec. 13). A defendant in a non-capital case may waive his right to be present at trial, but the waiver must be voluntarily, knowingly, and intelligently made. *Bullock v. State* (1983), Ind., 451 N.E.2d 646. The trial court may presume a defendant voluntarily, knowingly and intelligently waived his right to be present and try the defendant *in absentia* upon a showing that the de-

fendant knew the scheduled trial date but failed to appear. *Id.* A defendant who has been so tried, however, must be afforded an opportunity to explain his absence and thereby rebut the initial presumption of waiver. "To look solely at the facts initially before the court would be patently unfair." *Gilbert v. State* (1979), 182 Ind.App. 286, 395 N.E.2d 429, 432 (quoting *People v. Connolly* (1973) 36 Cal.App.3rd 379, 111 Cal.Rptr. 409, 412–413).[1]

 As Ellis was entitled to a hearing affording him an opportunity to explain his absence, we must determine whether he was entitled to have his attorney present at that hearing. The right to counsel at all critical stages of a criminal proceeding is a fundamental one and the denial of this right constitutes a denial of fundamental due process. *Gideon v. Wainwright* (1963) 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799. "A critical stage of a criminal proceeding is defined as a stage 'where substantial rights of a criminal accused may be affected.'" *Smith v. Stoner* (1984), 594 F.Supp. 1091, 1112 (N.D.Ind.) (quoting *Mempha v. Rhay*, (1967) 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336). Ellis's right to be present at trial was the subject of the October 6, 1986 hearing. At this hearing, the trial court questioned Ellis and merely determined Ellis was in the county but not hospitalized or incarcerated on the date of the trial.[2] (R. 61).

Because the right of a defendant to be present at trial is a substantial one, the hearing at which Ellis was questioned regarding his absence from trial was a critical stage. Ellis was therefore entitled to legal representation. Hence, the trial court committed fundamental error when it questioned Ellis regarding his absence from the trial at a time when Ellis's attorney was not present. We therefore remand this case to the trial court with instructions to afford Ellis an opportunity, with his attorney's assistance, to explain his absence from trial.

Remanded for further proceedings consistent with this opinion.

MILLER, P.J., and NEAL, J., concur.

---

1. The issue in *Gilbert* was whether a trial court is required to determine, upon the evidence then available, whether the defendant waived his right to be present before trying the defendant *in absentia.* In holding that a trial court is not required to determine the existence of waiver before trial, however, the Second District adopted language from *Connolly* which clearly indicated that the defendant must be given an opportunity to explain his absence.

2. We have not been provided with a transcript of the October 6, 1986 hearing. Furthermore, the trial judge did not specifically find that Ellis's absence from trial was voluntary, knowing and intelligent and we may not speculate on that subject.