Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Apr 12 2012, 8:49 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**PHILIP R. SKODINSKI**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| GARY ANDERSON PROBY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 71A05-1110-CR-522 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable William Albright, Senior Judge
Cause No. 71D02-1103-FB-48

**April 12, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Gary Anderson Proby ("Proby") appeals his conviction for Burglary, as a Class B felony,[1] presenting the sole issue of whether the evidence is sufficient to support the conviction.[2] We affirm.

**Facts and Procedural History**

During the morning of March 14, 2011, at the South Bend home of Carla Wells ("Wells"), nine-year-old N.W. and his younger sister M.W. were alone in the living room watching a movie when N.W. heard glass shattering. N.W. investigated and saw that a window to his mother's bedroom had been broken. Frightened, the children hid under covers. They were able to hear someone enter, leave, and re-enter the house.

Meanwhile, postal carrier Kevin Strebinger ("Strebinger") and his supervisor, Daniel Kintigh ("Kintigh"), were delivering mail nearby. Strebinger saw a young African-American man climb on a utility meter, go through the window of Wells' house, and throw out a flat, square object. The man walked to a nearby house and walked in the front door. He then returned to Wells' house, reached through the window, and grabbed a bag. A second man came out of the house where the first man had walked through the front door. The second man went to Wells' house, climbed on the meter, and "jumped in the window." (Tr. 266.) According to Strebinger and Kintigh, the first man wore a red or maroon jacket with striped

---

[1] Ind. Code § 35-43-2-1.

[2] Proby does not challenge the sufficiency of the evidence to support his convictions for Receiving Stolen Property, as Class D felonies, Ind. Code § 35-43-4-2.

sleeves and the second man wore a black hoodie.

Wells arrived home shortly thereafter. She discovered that her laptop computer, a shoebox with gaming equipment, and various DVDs were missing. She was able to provide officers with a serial number for her laptop computer.

South Bend police officers' investigation led them to a nearby residence where Proby, Mike Burnett ("Burnett"), and Brianna Tinzley ("Tinzley") lived. Officer Michael Grant found Proby in the bathtub, fully clothed, behind a shower curtain. Officer Chadwick Goben discovered a red or maroon coat with striped sleeves lying on a bathroom shelf. Wrapped up inside the coat were a laptop computer and a box containing game controllers and adapters. The serial number of the laptop matched the serial number provided by Wells.

Proby was arrested and charged with Burglary. He was also charged with Receiving Stolen Property related to two other neighborhood burglaries. On July 13, 2011, a jury found Proby guilty as charged. He received concurrent sentences of six years for the Burglary conviction and eighteen months for each of the Receiving Stolen Property convictions. Two years of the sentence were suspended to probation. Proby now appeals.

### Discussion and Decision

In order to convict Proby of Burglary, a Class B felony, as charged, the State was required to prove beyond a reasonable doubt that Proby broke and entered Wells' dwelling with the intent to commit theft. Ind. Code § 35-43-2-1. Proby concedes that the State established that Wells' dwelling was burglarized, but argues the State failed to prove beyond

3

a reasonable doubt that he was the individual in the red coat who the postmen had observed entering Wells' window.

Proby claims that Burnett is the man who wore a red coat and burglarized Wells' home. Proby acknowledges that Tinzley and Marietta Scales (Proby's cousin) each identified State's Exhibit 9, a red or maroon coat with stripes on the sleeves, as Proby's coat. However, he points out that no witness specifically testified that he was wearing that coat on the day of the burglary. Additionally, Proby directs our attention to Kintigh's testimony that there was a second man, "skinnier than the first person," (Tr. 266), and to Officer Goben's concession that Burnett was "slightly stockier" than Proby. (Tr. 284.) Proby characterizes Kintigh's testimony as "unclear" about the extent of the second man's participation.[3] Appellant's Brief at 5.

The standard by which we review alleged insufficiency of the evidence to support a criminal conviction is well-settled:

> When reviewing the sufficiency of the evidence to support a conviction, "appellate courts must consider only the probative evidence and reasonable inferences supporting the verdict." McHenry v. State, 820 N.E.2d 124, 126 (Ind. 2005) (emphasis added). It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. Wright v. State, 828 N.E.2d 904 (Ind. 2005). To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it "most favorably to the trial court's ruling." Id. Appellate courts affirm the conviction unless "no

---

[3] Contrary to Proby's assertion, our examination of the record indicates that the second individual to approach Wells' house, the man in the black hoodie, was also an active participant. Kintigh testified that the hooded man "went back to the yellow house … jumped in the window and went back inside." (Tr. 266.) Kintigh reiterated that the hooded man was "physically inside" the home from which the first man had already taken items. (Tr. 267.) According to Kintigh, it appeared that both men were trying to "collect up" things on the ground near the burglarized house. (Tr. 267.)

reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." Jenkins v. State, 726 N.E.2d 268, 270 (Ind. 2000) (emphasis added). It is therefore not necessary that the evidence "overcome every reasonable hypothesis of innocence." Moore v. State, 652 N.E.2d 53, 55 (Ind. 1995). "[T]he evidence is sufficient if an inference may reasonably be drawn from it to support the verdict." Pickens v. State, 751 N.E.2d 331, 334 (Ind. Ct. App. 2001).

Drane v. State, 867 N.E.2d 144, 146-47 (Ind. 2007).

The testimony of a single eyewitness is sufficient to sustain a conviction. Hubbard v. State, 719 N.E.2d 1219, 1220 (Ind. 1999). Generally, identification testimony need not be unequivocal to support a conviction. Griffin v. State, 501 N.E.2d 1077, 1078 (Ind. 1986). It is only when the State's case is entirely reliant upon a sole eyewitness' identification that the testimony must be unequivocal. Kelley v. State, 482 N.E.2d 701, 703 (Ind. 1985).

Here, the State's evidence did not consist entirely of eyewitness identification testimony. When Proby was apprehended, hiding alone in a bathroom, he was in close proximity to a red coat with Woods' property wrapped inside. Proby's state-issued identification card was inside a pocket of the coat. Officer Goben testified that Proby had claimed that no one had entered the bathroom before or after he decided to hide from police, but could provide no explanation for how Woods' property got on the bathroom shelf. Finally, Proby's left thumb print was found on the shoebox taken from Wells' residence. Proby's suggestion that another person may have worn his coat and his insistence that he is smaller than Burnett merely present a request to reweigh the evidence.

We conclude that the State presented evidence sufficient to prove beyond a reasonable doubt that Proby broke and entered Wells' dwelling with the intent to commit

5

theft.

Affirmed.

ROBB, C.J., and MATHIAS, J., concur.