## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 29 2015, 8:02 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT

Andrea L. Ciobanu
Alex Beeman
Ciobanu Law, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

William Goodwin,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 29, 2015

Court of Appeals Case No.
33A05-1501-IF-23

Appeal from the Henry Circuit Court.
The Honorable Bob A. Witham, Judge.
Cause No. 33C03-1403-IF-562

**Barteau, Senior Judge**

## Statement of the Case

[1] William Goodwin appeals from the trial court's determination that he is guilty of following too closely, a Class C infraction. Ind. Code § 9-21-8-14 (1991). We affirm in part and remand in part for further proceedings.

## Issues

Goodwin presents two issues for our review:

I.      Whether Goodwin's rights were violated by the trial court conducting a bench trial in his absence.

II.    Whether the trial court abused its discretion by denying Goodwin's request for a continuance.

## Facts and Procedural History

On March 4, 2014, the State charged Goodwin with following too closely, a Class C infraction. At a pretrial conference, Goodwin requested a bench trial, and one was scheduled for September 19, 2014. Goodwin subsequently filed a motion to continue the bench trial. The motion was granted, and the bench trial was rescheduled for October 17, 2014. On that date, Goodwin again requested a continuance. The court granted this second continuance and rescheduled the bench trial for December 19, 2014. On December 19, 2014, Goodwin's counsel appeared, but Goodwin failed to appear, and the trial court held the trial in absentia. The court found Goodwin guilty, fined him $9.50, and ordered him to pay court costs of $118.50. Goodwin now appeals.

## Discussion and Decision

### I. Bench Trial In Absentia

Goodwin argues that the trial court erred when it tried him in absentia. In Indiana, infractions are treated as civil matters and are thus governed by Article I, Section 20 of the Indiana Constitution. *See Schumm v. State*, 866 N.E.2d 781, 792 (Ind. Ct. App. 2007), *opinion corrected on reh'g*, 868 N.E.2d 1202 (2007).

Article I, Section 20 of the Indiana Constitution provides: "In all civil cases, the right of trial by jury shall remain inviolate." Our supreme court has held that this right includes the ancillary right to be present in the courtroom, and, absent waiver or extraordinary circumstances, a party may not be so excluded. *Jordan ex rel. Jordan v. Deery*, 778 N.E.2d 1264, 1272 (Ind. 2002). Of particular importance to the instant case which involves a bench trial is this Court's observation that, in support of its holding in *Jordan*, our supreme court's citation to authority includes cases that did not have jury trials. *See In Re Change of Name of Fetkavich*, 855 N.E.2d 751, 755 n.4 (Ind. Ct. App. 2006).

[5] A defendant may waive his right to be present at all stages of the trial and be tried in absentia if the trial court determines that the defendant knowingly and voluntarily waived that right. *Brown v. State*, 839 N.E.2d 225, 227 (Ind. Ct. App. 2005), *trans. denied*. A trial court may presume that a defendant knowingly, voluntarily, and intelligently waived his right to be present and try the defendant in absentia upon a showing that the defendant knew the scheduled trial date but failed to appear. *Id*. "Denial of a defendant's substantive right to be present and heard at trial is fundamental error and, if not rectified, constitutes denial of fundamental due process." *Ellis v. State*, 525 N.E.2d 610, 611 (Ind. Ct. App. 1987).

[6] "A defendant who has been so tried, however, must be afforded an opportunity to explain his absence and thereby rebut the initial presumption of waiver." *Id.* at 612. "'To look solely at the facts initially before the court would be patently unfair.'" *Id.* (quoting *Gilbert v. State*, 182 Ind. App. 286, 290, 395 N.E.2d 429,

432 (1979)). "If the facts initially before the court demonstrated a voluntary absence when in fact defendant was involuntarily absent, by defendant's reasoning, even when the truth was known, if the trial court refused to grant defendant relief, the reviewing court would be compelled to uphold the ruling." *Gilbert v. State*, 182 Ind. App. 286, 290, 395 N.E.2d 429, 432 (1979). "The determination of the reviewing court [m]ust be based upon the totality of the facts; not just a portion of them." *Id.*

[7] The transcript of the trial discloses the following:

> THE COURT: This is Cause Number 1403-IF-562, State of Indiana versus William Goodwin. The State appears by Mrs. Brock, Deputy Prosecuting Attorney. The defendant appears by counsel, Mr. Scott, but not in person. The matter is set for Bench Trial at 9:15. It is now approximately 9:30. Mr. Scott, is defendant ready to proceed with trial?
>
> MR. SCOTT: Yes, Your Honor.
>
> THE COURT: And the State is ready to proceed as well?
>
> MS. BROCK: Yes, Your Honor.

Tr. p. 3.

[8] The chronological case summary (CCS) in Goodwin's case does not show that he was ever present in court to hear his trial date. The CCS reflects that Goodwin's counsel appeared for Goodwin and filed a waiver of initial hearing on April 4, 2014. A pre-trial conference was scheduled for June 3, 2014, and the CCS entry on that date shows that Goodwin requested a bench trial. A bench trial was set for September 19, 2014, and Goodwin filed a motion to

continue. That motion was granted, and the bench trial was rescheduled for October 17, 2014. Goodwin filed a motion to continue this trial date as well, and the bench trial was rescheduled for December 19, 2014. None of these CCS entries state whether Goodwin was present in court. Furthermore, the transcript of the bench trial reveals no inquiry of Goodwin's counsel by the trial court as to whether counsel had informed Goodwin of the trial date. Given these circumstances, there is no evidence of Goodwin's waiver of his right to be present for trial. In addition, the State argues no extraordinary circumstances which would give rise to Goodwin's exclusion from his trial. Because the record presents us with only a portion of the facts and not the totality of the same, we must remand this matter to the trial court for a hearing to afford Goodwin the opportunity to explain his absence from trial and for a determination by the trial court on the issue of whether Goodwin knowingly, voluntarily, and intelligently waived that right to be present.

## II.   Motion for Continuance

Goodwin also contends that the trial court abused its discretion in not granting his request for a continuance of the bench trial. Indiana Trial Rule 53.5 provides that: "Upon motion, trial may be postponed or continued in the discretion of the court, and shall be allowed upon a showing of good cause established by affidavit or other evidence." Accordingly, a trial court's decision to grant or deny a motion to continue a trial date is reviewed for an abuse of discretion. *Gunashekar v. Grose*, 915 N.E.2d 953, 955 (Ind. 2009). There is a strong presumption the trial court properly exercised its discretion, and the trial

court abuses its discretion by denying a continuance only if the movant has demonstrated good cause for granting it. *Id.*

[10] We must first address a preliminary question: whether the defense requested a continuance. Goodwin had requested and been granted two prior continuances of the bench trial in this matter by filing motions with the court. On December 19, 2014, Goodwin's case was again scheduled for bench trial, and his counsel appeared but he did not. Goodwin maintains that his counsel orally requested a continuance of the trial on that day. However, the transcript of the trial discloses only that Goodwin's counsel indicated that the defense was ready to proceed with the trial.

[11] Subsequently, Goodwin filed with the trial court a motion to certify verified statement of the evidence, pursuant to Indiana Appellate Rule 31(A), claiming that a part of the case was not included in the transcript. In his verified statement of the evidence, Goodwin's counsel affirmed that he made an oral motion for continuance on December 19, 2014, which was denied by the trial court. *See* Appellant's App. p. 14. The trial court held a hearing, and Goodwin's motion to certify was denied. Pursuant to Indiana Appellate Rule 31(D), the trial judge filed an affidavit setting forth his recollection of the trial of this cause. Judge Witham's affidavit states, in pertinent part:

> 2. The undersigned has no recollection of any request for continuance being requested by the defendant's counsel being made off of the record prior to the trial being conducted.
>
> 3. At hearing on the Motion to Certify Verified Statement of the Evidence, defendant's counsel indicated that he thought that he

had requested a continuance of the bench trial but he was not absolutely sure that he had requested such a continuance.

4. No other evidence was presented to the Court at the hearing on Motion to Certify Verified Statement of the Evidence regarding any other person recalling defendant's counsel requesting a continuance of the bench trial.

*Id.* at 15.

[12] The materials on appeal indicate there was no request for a continuance of the bench trial. Although Goodwin's counsel's affidavit states that he orally moved for a continuance of trial, Judge Witham's affidavit states that he has no recollection of a request for continuance and that, at the hearing on the motion to certify, defense counsel stated he "thought that he had requested a continuance" but that he was "not absolutely sure" he had requested one. *Id.* Moreover, the trial transcript shows no request for a continuance by Goodwin's counsel; rather, it reflects counsel's acknowledgement that the defense was ready to go forward with the trial. We find no error.[1]

# Conclusion

[13] In light of the foregoing, we find no error with respect to the issue of the continuance and affirm the trial court. However, we remand this matter to the

---

[1] We recognize that our resolution of this issue may become moot if Goodwin succeeds in establishing that he did not knowingly, voluntarily, and intelligently waive his right to be present for trial and is granted a new trial.

trial court for further proceedings to address the issue of waiver of the right to be present at trial.

[14] Affirmed in part and remanded in part for further proceedings.

[15] Friedlander, J., and Barnes, J., concur.