Tina Sue DAY, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 36A05–0804–CR–219.

Court of Appeals of Indiana.

Dec. 30, 2008.

T. Michael Carter, Scottsburg, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorney for Appellee.

### OPINION

MAY, Judge.

Tina Sue Day appeals her seventeen-year sentence for Class B felony promoting prostitution.[1] We find nothing inappropriate about a seventeen-year sentence for a woman who accepted cash in exchange for allowing multiple men to molest

1. Ind.Code § 35–45–4–4.

her twelve-year old daughter. We therefore affirm.

## FACTS AND PROCEDURAL HISTORY

The State charged Day with promoting prostitution, Class B felony child molesting,[2] Class C felony child molesting,[3] and Class C felony neglect of a dependent.[4] Day pled guilty to promoting prostitution and the State agreed to dismiss the remaining charges. The plea agreement left sentencing to the trial court's discretion.

At sentencing, the court found one significant mitigator in Day's lack of criminal history. It also found four aggravators: the child's age, the great harm caused to the child, Day's position as mother of the child, and the child being "no physical match for the people [Day] sold her to." (Tr. at 35.) Based thereon, the court imposed a seventeen-year sentence.[5]

## DISCUSSION AND DECISION

 Day challenges the appropriateness of her sentence based on the trial court's alleged failure to consider her "poverty, mental illnesses, personality disorders, and alcoholism [when] determining the defendant's character." (Appellant's Br. at 4.) Day notes our authority to revise her sentence under Indiana Appellate Rule 7(B), but provides no other citation to relevant authority in support of her argument.[6] Her argument—and in fact her entire brief—is devoid of any mention of the facts underlying her conviction, which impairs our review of the "nature of her offense." App. R. 7(B). Neither has she explained why the factors she listed should lead us to view her character as deserving less than a seventeen-year sentence. For all these reasons, she has waived our review of her sole argument. *See Cooper v. State,* 854 N.E.2d 831, 834 n. 1 (Ind.2006) (arguments waived for failure to cite authority or provide cogent argument).

 Waiver notwithstanding, nothing about Day's sentence is inappropriate. We may revise a sentence if we find it "inappropriate in light of the nature of the offense and the character of the offender." App. R. 7(B). To revise a sentence, we need not first find the trial court abused its discretion in determining the sentence. *Smith v. State,* 889 N.E.2d 261, 263 (Ind. 2008). "The defendant must persuade [us] that his or her sentence has met this inappropriateness standard of review." *Childress v. State,* 848 N.E.2d 1073, 1080 (Ind. 2006).

The nature of Day's offense is somewhat difficult to review. Day did not provide a transcript of the guilty plea hearing, so we cannot know what facts Day admitted in support of her plea. However, in sentencing Day, the court stated:

2. Ind.Code §§ 35–42–4–3, 35–41–2–4.

3. Ind.Code §§ 35–42–4–3, 35–41–2–4.

4. Ind.Code § 35–46–1–4.

5. A person convicted of a Class B felony is to receive a sentence between six and twenty years, with ten years being the advisory sentence. Ind.Code § 35–50–2–5.

6. Day cites Article I, Section 18 of the Indiana Constitution and insists the "principle of reformation in the context of sentencing implies that a trial court takes into consideration circumstances in [sic] life of a defendant that have contributed to the making of wrong choices." (Appellant's Br. at 4.) She provided no argument or authority in support of that assertion, and as such, waived this argument for our review. *See Cooper v. State,* 854 N.E.2d 831, 834 n. 1 (Ind.2006) (waiving arguments for failure to cite authority or provide cogent argument). Nevertheless, we note "Section 18 applies only to the penal code as a whole and not to individual sentences." *Scruggs v. State,* 737 N.E.2d 385, 387 n. 3 (Ind.2000).

It is difficult to find words that describe the depravity of this crime. Mrs. Day, what you did to your daughter is as horrible a crime as I've seen. .... On more than one occasion you sold your daughter's body. I'm not sure just when it started or on how many occasions but, I know there were times when she was eleven or younger. You provided her to men three and four times her age and at times to men whose names she didn't even know.

(Tr. at 33–34.) Nothing about that crime suggests a seventeen-year sentence is inappropriate.

Neither does Day's character suggest the sentence is inappropriate. Day would blame these acts on her "poverty, mental illnesses, personality disorders, and alcoholism," (Appellant's Br. at 4); however, none of those mitigate other facts in the record regarding Day's character. The Presentence Investigation Report indicates the Department of Child Services, prior to the events involved herein, had on six occasions in eight years substantiated that Day was neglecting at least one of her children. Twice DCS had removed a child from her home due to medical neglect. Accordingly, despite any other problems she may have, Day's abuse of her twelve-year old daughter reflects a pattern of behavior, not a mere misstep by a woman with otherwise good character. No amount of poverty, physical illness, or mental illness can justify selling a child's body for men's sexual pleasure, and the character of any person who could do so justifies a sentence of seventeen years, if not more.

Affirmed.

NAJAM, J., and ROBB, J., concur.