**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**CARA SCHAEFER WIENEKE**
Wieneke Law Office, LLC
Special Assistant to State Public Defender
Plainfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana



**FILED**

Aug 15 2012, 9:24 am

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

DAVID M. CRAFT,                          )
                                         )
    Appellant-Defendant,                 )
                                         )
        vs.                          )     No. 52A05-1203-CR-140
                                         )
STATE OF INDIANA,                        )
                                         )
    Appellee-Plaintiff.                  )

APPEAL FROM THE MIAMI CIRCUIT COURT
The Honorable Robert A. Spahr, Judge
Cause No. 52C01-1103-FB-17

**August 15, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

David M. Craft appeals his eight-year sentence for battery resulting in serious injury,[1] a Class C felony, contending that the sentence is inappropriate in light of the nature of his offense and his character.

We affirm.

## FACTS AND PROCEDURAL HISTORY

While serving a fifty-year sentence for murder and robbery as a class B felony at the Miami Correctional Facility, Craft entered into an agreement with another inmate, Vernon Sumpter, to provide protection to Sumpter in exchange for the payment of money. When Sumpter reneged on the agreement, Craft repeatedly struck him in the face and body, repeatedly stomped on his head, face and ribs, and dragged him by the hair out of his cell. Pursuant to a plea bargain, Craft pleaded guilty to battery as a Class C felony. The trial court found that there were three aggravating factors: (1) the injuries sustained by the victim were significant and greater than the elements to prove the offense; (2) Craft's criminal history; and (3) Craft's lack of remorse. The trial court found that Craft's guilty plea was a mitigator. The court sentenced Craft to eight years executed. Craft now appeals.

## DISCUSSION AND DECISION

Indiana Appellate Rule 7(B) authorizes an appellate court to revise a sentence authorized by statute if "after due consideration of the trial court's decision," the sentence is found to be inappropriate in light of the nature of the offense and the character of the offender. As the appellant, Craft bears the burden of meeting the inappropriateness

---

[1] *See* Ind. Code § 35-42-2-1(a)(3).

standard.  *Day v. State*, 898 N.E.2d 471,472 (Ind. Ct. App. 2008).  Craft has failed to meet the burden.

As to his character, at the time of this offense Craft was in prison for robbing and murdering an African-American woman while he was a member of the White Brotherhood.  *Tr.* at 23.  He showed no remorse for committing this prior offense.  *Id.*

As to the nature of the offense, as noted by the trial court in its sentencing statement, the injuries inflicted on the victim were significant and beyond the elements of battery as a Class C felony.  We therefore conclude that Craft's eight-year executed sentence is not inappropriate in light of the nature of the offense and the character of the offender.

Affirmed.

NAJAM, J., and MAY, J., concur.