## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 19 2016, 8:09 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jennifer L. Koethe
La Porte, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Natasha Peters, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | October 19, 2016 <br><br> Court of Appeals Case No. <br> 46A03-1602-CR-452 <br><br> Appeal from the La Porte Superior Court <br><br> The Honorable Michael Bergerson, Judge <br><br> Trial Court Cause No. <br> 46D01-1506-F3-522 |

**Altice, Judge.**

**Case Summary**

Natasha Peters appeals the trial court's twenty-year enhancement of her sentence for being a habitual offender. She claims that the trial court abused its discretion in its weighing of certain mitigating factors. Additionally, Peters asks that we exercise our authority to review and revise her sentence to provide more weight to those mitigating factors.

We affirm.

## Facts & Procedural History

On June 25, 2015, the State charged Peters with robbery, a Level 3 felony. Shortly after the State added a habitual offender allegation, Peters pled guilty as charged. The plea agreement provided that Peters would receive ten years executed for the robbery and the trial court would have discretion with regard to the habitual offender enhancement. On January 28, 2016, the trial court sentenced Peters to ten years for robbery, enhanced by twenty years for being a habitual offender. The court ordered the entire sentence executed in the "Indiana Department of Correction Therapeutic Community for chemically addicted offenders". *Appendix* at 52. The trial court indicated in its sentencing order that Peters "shall have the right to file a Modification upon successful completion of the Therapeutic Community Program, to serve the balance of [her] sentence [in the] LaPorte County Community Correction Work Release Program." *Id*.

## Discussion & Decision

[4] Initially, Peters argues that the trial court abused its discretion "in giving little weight to the mitigating factors of [her] plea of guilty to the Habitual Offender charge and the undue hardship on her family".[1] *Appellant's Brief* at 8. This issue is a nonstarter because we are proscribed from finding that a trial court abused its discretion in the weighing of aggravating and mitigating factors. *See Anglemeyer v. State,* 868 N.E.2d 482, 491 (Ind. 2007) ("Because the trial court no longer has any obligation to 'weigh' aggravating and mitigating factors against each other when imposing a sentence, unlike the pre-*Blakely* statutory regime, a trial court can not now be said to have abused its discretion in failing to 'properly weigh' such factors."), *modified on reh'g*, 875 N.E.2d 218 (Ind. 2007).

[5] Peters also asks that we exercise our authority under Ind. Appellate Rule 7(B) to revise her sentence "to give her additional weight for the mitigating factors of pleading guilty and the undue hardship that her lengthy incarceration will impose on her family and child". *Appellant's Brief* at 11.

[6] Pursuant to App. R. 7(B), we may independently review and revise a sentence "if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Our review in this regard is "very deferential" to the trial court. *See Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). "Such deference should prevail unless overcome by compelling evidence portraying in a positive

---

[1] The trial court found three mitigating factors in this case: Peters's guilty plea, the undue hardship on her family, and her expression of remorse.

light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). Peters bears the burden of persuading us that her sentence is inappropriate. *See Conley*, 972 N.E.2d at 876.

[7] Peters makes no attempt to address the nature of the offense or her character. In fact, her brief is entirely devoid of any mention of the facts underlying her robbery conviction. And she does not discuss how her guilty plea or the hardship on her family relate to the nature of the offense or her character. Accordingly, she has waived this issue for our review. *See Day v. State*, 898 N.E.2d 471, 472 (Ind. Ct. App. 2008); *see also Ford v. State*, 718 N.E.2d 1104, 1107 n.1 (Ind. 1999).

[8] Judgment affirmed.

[9] Bradford, J. and Pyle, J., concur.