Donald W. HOLTZ, Jr., Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 05A05–0603–CR–165.

Court of Appeals of Indiana.

Dec. 28, 2006.

Robert G. Forbes, Melissa F. Danielson, Forcum, Forbes, Danielson & Danielson, LLP, Hartford City, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Ryan D. Johanningsmeier, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

CRONE, Judge.

### Case Summary

Donald W. Holtz, Jr., appeals his conviction for escape as a class C felony and habitual offender determination. We affirm.

### Issues

We restate Holtz's issues as follows:

I. Whether the trial court erred by trying him in absentia;

II. Whether the trial court erred by failing to question him regarding his absence at trial; and

III. Whether he received ineffective assistance of trial counsel.

### Facts and Procedural History

On July 15, 1999, Holtz was being held at the Blackford County Security Center on a pending charge of driving while suspended when he experienced seizures and was transported to the Blackford County Hospital by ambulance. At approximately 1:00 a.m. on July 16, 1999, a correctional officer entered Holtz's room and found that the window was open, the screen was

torn, and Holtz was gone. A manhunt ensued, and police found Holtz a few hours later. Holtz admitted to police that he had intentionally escaped from custody, and he later wrote a letter offering to pay restitution for the damage to the window screen.

Holtz's trial was scheduled for May 9, 2000. At a pretrial hearing on October 18, 1999, the following exchange took place:

COURT: [Y]our trial date has been set in this case and the trial date is May the 9th of next year, of the year, 2000.

HOLTZ: Yes, sir.

COURT: Commencing at 9:30 and the reason I'm telling that to you in open court is should you post bond and be out on bond and decide not to come on that date, the State could present their evidence in your absence.

HOLTZ: Yes.

COURT: At that time, do you understand, that since you are aware of when the trial date [sic].

HOLTZ: Yes, sir.

COURT: That's May the 9th, 2000, at 9:30 a.m. Do you understand that?

Tr. at 25–26.

On February 9, 2000, the trial court released Holtz on his own recognizance, explaining:

COURT: [D]o you understand ... that your trial date is set for May 9th at 9:30?

HOLTZ: Yes.

COURT: At 9:30, at, May the 9th, 2000, at 9:30.

HOLTZ: Yes, sir.

COURT: All right, do you understand, also, Mr. Holtz, that if you do not appear for that trial that the State may go ahead and present their evidence without you being here.

HOLTZ: Yes, sir. I'll be here.

COURT: Do you understand that? So it is important for you to be here at the trial. Just because I'm releasing you upon your promise to appear doesn't mean that you can ignore that trial date.

HOLTZ: Yes, sir.

COURT: Because if you do so, you do so at your own peril.

Tr. at 37.

Holtz failed to appear before the trial court on May 9, 2000, and the trial occurred in his absence. On May 10, 2000, the jury found Holtz guilty of escape as a class C felony. Two days later, the jury found the defendant to be a habitual offender, and the trial court issued a warrant for his arrest. More than five years later, Holtz was arrested and transported to Blackford County. On January 6, 2006, the trial court held a sentencing hearing. Holtz appeared and was represented by counsel at that hearing. The trial court offered Holtz the opportunity to speak on his behalf, but he declined. The court imposed a sentence of fourteen years. Holtz now appeals.

## Discussion and Decision

### I. Trial In Absentia

 Holtz first argues that the trial court improperly tried him in absentia. A criminal defendant has the right to be present during his trial, pursuant to the Sixth Amendment to the United States Constitution and Article 1, Section 13 of the Indiana Constitution. A defendant in a non-capital case may waive his right to be present at trial, but the waiver must be voluntarily, knowingly, and intelligently made. *Ellis v. State*, 525 N.E.2d 610, 611 (Ind.Ct.App.1987). On appeal, we consider the entire record to determine whether the defendant made a voluntary, knowing, intelligent waiver. *Soliz v. State*, 832 N.E.2d 1022, 1029 (Ind.Ct.App.2005),

*trans. denied.* When a defendant fails to appear for trial and fails to notify the trial court or provide it with an explanation of its absence, the trial court may conclude that the defendant's absence is knowing and voluntary and proceed with trial when there is evidence that the defendant knew of his scheduled trial date. *Carter v. State,* 501 N.E.2d 439, 440–41 (Ind.1986).

As demonstrated by the transcript excerpts above, the trial court had informed Holtz of his scheduled trial date on at least two occasions prior thereto. The court had also advised Holtz that the trial might proceed in his absence. Prior to trial, Holtz did not notify the court that he would be absent, nor did he provide any explanation for his absence. Thus, there was no error in the trial court's decision to try Holtz in absentia.

## II. Opportunity to Explain Absence at Trial

Holtz also contends that the trial court erred by failing to hold a hearing to allow him to explain his absence at trial. He claims that Indiana law requires the trial court to hold a hearing on the issue of a defendant's absence at trial in order to allow the defendant to rebut the initial presumption of waiver. In support of this position, he cites *Ellis,* 525 N.E.2d 610. In *Ellis,* the defendant failed to appear for trial, and the trial court later questioned him, without his attorney present, about the reason for his absence. Another panel of this court ordered a new hearing regarding the defendant's absence at trial, finding that "Ellis was entitled to a hearing affording him an opportunity to explain his absence," and that it was a critical stage of the proceedings at which he was entitled to representation. *Id.* at 612. In support of its conclusion, this Court cited *Gilbert v. State,* 182 Ind.App. 286, 290, 395 N.E.2d 429, 432 (1979) (holding that for

reviewing court to look solely at the facts initially before the court regarding defendant's absence would be "patently unfair"). Holtz argues that this Court's position in *Ellis* means that he was entitled to a hearing on the issue of his absence and that the court erred in failing to hold one. We disagree.

In fact, this Court specifically addressed the issue raised by Holtz in *Walton v. State,* 454 N.E.2d 443 (Ind.Ct.App.1983). In that case, Walton failed to appear in court on the first day of his trial, and the trial court proceeded in his absence. When Walton appeared on the second day of trial, the court asked the defense if it had any "announcements to make[.]" *Id.* at 444. Walton failed to offer any justification for his absence the previous day. On appeal, Walton argued that, upon his arrival in court, the trial court was required to ask him the reason for his absence. He cited *Gilbert* in support of his position. This Court stated, in relevant part, as follows:

> We believe that *Gilbert,* in part, stands for the proposition that an absent defendant who later appears in court must be afforded the opportunity to present evidence that the absence was not voluntary. The record clearly reflects the court provided Walton such an opportunity upon his arrival at trial. Although it is true the court did not directly ask Walton if he had any justification for his absence, it did ask the defense if it had any announcements to make. Walton declined to provide any explanation for his absence.... [W]e are unpersuaded that the trial court had a duty to question Walton, *sua sponte,* upon his arrival in court.

*Id.* at 444. As we stated in a later opinion on the same issue, while it is true that the trial court must afford a defendant the opportunity to present evidence that his

absence was not voluntary, this does not require a sua sponte inquiry. *Hudson v. State*, 462 N.E.2d 1077, 1081 (Ind.Ct.App. 1984). Rather, "the defendant *cannot be prevented* from giving an explanation." *Id.* (emphasis added).

In the instant case, the trial court gave Holtz an opportunity to speak at the sentencing hearing, and he declined. Therefore, we find no error.

### III. Ineffective Assistance of Counsel

Finally, Holtz argues that his rights under the Sixth Amendment to the United States Constitution were violated because he received ineffective assistance of counsel at trial. Our standard of review is well settled.

> When reviewing ineffective assistance of counsel claims, this court begins with a strong presumption that counsel rendered adequate legal assistance. To rebut this presumption, a defendant must show: (1) counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms; and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is one sufficient to undermine confidence in the outcome. Because an inability to satisfy either prong of this test is fatal to an ineffective assistance claim, this court need not even evaluate counsel's performance if the defendant suffered no prejudice from that performance.

*Heyward v. State*, 769 N.E.2d 215, 219 (Ind.Ct.App.2002) (citations and quotation marks omitted).

■ Holtz cites two examples of alleged ineffectiveness of trial counsel. First, he claims that counsel was deficient in failing to file a motion in limine prior to trial to prevent the introduction of evidence regarding Holtz's prior crimes, wrongs, or other bad acts. *See* Ind. Evidence Rule 404(b). Kevin Allen Mahan, a Blackford County deputy sheriff, testified that Holtz was being held without bond at the time of his escape because "if somebody is brought to our facility who has a prior felony conviction, we do not set bond for that individual." Tr. at 43. Holtz's counsel did not object to this statement. On cross-examination, Mahan was again questioned about the issue of whether bond was posted for Holtz, and he again stated that Holtz had a prior conviction. Holtz's counsel objected to this statement, and the trial court sustained the objection. Mahan also testified that he last saw Holtz when he was being transported to Huntington County because "[t]hey had charges on him, also, and they came and picked him up." *Id.* at 94. Holtz's counsel objected, and the trial court sustained the objection.

Holtz argues that this testimony regarding a past conviction and another charge against him was "highly prejudicial" because "it planted the idea that Holtz was a career criminal in the minds of the jurors." Appellant's Br. at 11. In our view, testimony regarding one prior conviction—with no further information about the date or the nature of the conviction—would not suggest to the jury that Holtz was a career criminal. Thus, we cannot conclude that there was a reasonable probability that the jury's verdict would have been different, but for the admission of testimony regarding one prior conviction.

■ Holtz also contends that his counsel was ineffective in failing to object to the State's introduction of a videotape of Deputy Sheriff Mahan questioning him on the night of his escape.[1] Holtz claims that the

---

1. Actually, Holtz's counsel did object "very vociferously" to the admission of the video-

videotape was inadmissible because it contained hearsay and because some of Holtz's responses on the tape were inaudible. *See Wallace v. State,* 498 N.E.2d 961, 965 (Ind.1986) (admission of sound recordings "must be preceded by a foundation which shows that: ... 4. They do not contain matters otherwise not admissible into evidence; 5. They are of such clarity as to be intelligible and enlightening to the jury.") With regard to the videotape's admission, we conclude that there is not a reasonable probability of resulting prejudice sufficient to undermine confidence in the jury's verdict, as it was merely cumulative of other evidence presented.

The State presented a wealth of evidence against Holtz in this case. A nurse testified as to Holtz's presence at the hospital that night; the security officer assigned to guard Holtz in the hospital testified that he discovered Holtz was missing from his room at 12:30 a.m. and that the window had been opened and the screen cut; Deputy Sheriff Mahan testified that he was called to the scene where Holtz was apprehended a few hours later and that Holtz was wearing jail-issued sandals at that time; photos were admitted showing the damage to the window and Holtz's appearance at the time of his apprehension; and the State offered a letter written by Holtz in which he offered to pay restitution for the "property (window) damage I did at the hospital." State's Exh. B.

In sum, we need not evaluate the performance of Holtz's trial counsel because the evidence at issue was merely cumulative of the other evidence presented by the State. *See Blanchard v. State,* 802 N.E.2d 14, 30 (Ind.Ct.App.2004) (admission of evidence that is merely cumulative is not

grounds for reversal). We conclude that Holtz suffered no prejudice, and therefore, his claim must fail.

Affirmed.

BAKER, J., and VAIDIK, J., concur.

---

tape when the State offered it into evidence; however, the sole basis of the objection was his allegation that Holtz had not waived his Miranda rights prior to the interview on the videotape. He did not argue that the tape contained hearsay or that it lacked a proper foundation, as Holtz argues here. Tr. at 79.