**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JOSEPH M. CLEARY**
Collignon & Dietrick
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**NICOLE M. SCHUSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LESNICK JONES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1105-CR-415 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Kurt M. Eisgruber, Judge
Cause No. 49G01-1002-FA-7220

**March 16, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Lesnick Jones appeals his convictions for rape, as a Class A felony; six counts of criminal deviate conduct, as Class A felonies; burglary, as a Class B felony; robbery, as a Class B felony; criminal confinement, as a Class B felony; intimidation, as a Class C felony; and pointing a firearm, as a Class D felony, following a jury trial. Jones presents a single issue for our review, namely, whether the trial court violated his right to be present at his trial under the Sixth Amendment to the United States Constitution.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On November 11, 2009, at approximately 9:30 p.m., K.P. was alone in her boyfriend's apartment when three men, Jones, Duane Lee, and Johnnie Viverette, each armed with firearms, broke down the door and entered the apartment. K.P.'s boyfriend, B.D., was a marijuana dealer, and the three men intended to steal marijuana from B.D. After ransacking the apartment and finding no marijuana, the men left. But they soon returned, and Jones and Lee forced K.P. to perform oral sex on each of them and to submit to intercourse at gunpoint. The men stole a diamond ring from K.P., and they stole DVDs and videogame systems before leaving the apartment.

K.P. went to a neighbor's apartment for help and called the police. A responding officer arrested Lee after a foot chase through the apartment complex, and K.P. positively identified him as one of her attackers. Forensic evidence subsequently led to Jones' arrest.

The State charged Jones with thirteen felonies, including rape and criminal deviate conduct, as Class A felonies. At a pretrial hearing on January 20, 2011, the trial court released Jones on his own recognizance and ordered him to appear for the final pre-trial hearing on March 17 and for his jury trial on March 21. On March 10, Jones appeared in court for a motions hearing,[1] and on March 17, he appeared for the final pre-trial hearing. On Friday, March 18, Jones' lawyer spoke with Jones and reminded him to arrive at the courthouse on Monday, March 21 at 8:30 a.m. for the 9:00 a.m. trial. Jones was supposed to meet his mother at his sister's home Monday morning so that they could ride together, but he did not show up, and he did not appear at trial.

After defense counsel informed the court that Jones was not present for trial and that Jones knew that trial was to commence that morning, the State asked the trial court to try Jones in absentia. In response, defense counsel stated, "obviously I've made my record as to the extent of my communications with Mr. Jones[,]" and defense counsel objected to a trial in absentia. Transcript at 8. The trial court stated that defense counsel had "represented that [Jones] was well aware of this date" and that the court also believed him to be so aware. Id. Accordingly, the trial court found that it had "a basis to proceed in absentia." Id. Jones did not appear during the four-day trial.

The jury found Jones guilty of rape, as a Class A felony; six counts of criminal deviate conduct, as Class A felonies; burglary, as a Class B felony; robbery, as a Class B felony; criminal confinement, as a Class B felony; intimidation, as a Class C felony; and pointing a firearm, as a Class D felony. The trial court entered judgment of conviction

---

[1] In his brief on appeal, Jones states that "it does not appear as if Jones was present at that hearing" on March 10. Brief of Appellant at 6. But the CCS entry for that date states in relevant part, "Defendant in person and by counsel Ted Minch." Appellant's App. at 21.

3

accordingly.  At sentencing, Jones was present, but he did not request an opportunity to explain his absence from trial.  The trial court sentenced Jones to an aggregate term of sixty-seven years, with ten years suspended.  This appeal ensued.

## DISCUSSION AND DECISION

Jones contends that his "Sixth Amendment right to be present at all critical stages of the proceedings was violated when he was tried in absentia in the absence of a finding on the record that his waiver of his right to be present was knowing and voluntary."  Brief of Appellant at 8.  In Jackson v. State, 868 N.E.2d 494, 498 (Ind. 2007), our supreme court set out the applicable standard of review:

> Both the Federal and Indiana Constitutions afford defendants in a criminal proceeding the right to be present at all stages of their trial. U.S. Const. amend. VI; Ind. Const. art. 1, § 13.  However, a defendant may be tried in absentia if the trial court determines that the defendant knowingly and voluntarily waived that right. Lampkins v. State, 682 N.E.2d 1268, 1273 (Ind. 1997) (citing Freeman v. State, 541 N.E.2d 533, 535 (Ind. 1989); Fennell v. State, 492 N.E.2d 297, 299 (Ind. 1986)).
>
> > When a defendant fails to appear for trial and fails to notify the trial court or provide it with an explanation of his absence, the trial court may conclude the defendant's absence is knowing and voluntary and proceed with trial when there is evidence that the defendant knew of his scheduled trial date.
>
> Freeman, 541 N.E.2d at 535 (citing Carter v. State, 501 N.E.2d 439, 440-41 (Ind. 1986); Martin v. State, 457 N.E.2d 1085, 1086 (Ind. 1984)); see also Lampkins, 682 N.E.2d at 1273 ("The best evidence that a defendant knowingly and voluntarily waived his or her right to be present at trial is the defendant's presence in court on the date the matter is set for trial." (internal quotations and citations omitted)).[]

On appeal, we consider the entire record to determine whether the defendant made a voluntary, knowing, intelligent waiver.  Holtz v. State, 858 N.E.2d 1059, 1061 (Ind. Ct. App. 2006).

4

Here, Jones maintains that

> [t]he trial court failed to establish on the record that it found that Jones had made a knowing and voluntary waiver of this critical right [under the Sixth Amendment], one that cannot be waived in a federal criminal trial[2] nor could it be waived at common law. The trial court only stated it found a "basis" for a trial in absentia. When Jones was arrested and appeared for sentencing there was no effort undertaken to establish that his waiver was knowing and voluntary.

Brief of Appellant at 8.

Jones is correct that the trial court did not make an express finding that Jones' absence was "knowing and voluntary." However, the record shows that Jones had been present at the final pretrial hearing on March 17, and defense counsel acknowledged that he "believe[d] at that time [Jones] was [also] advised of his necessity to be here on Monday morning." Transcript at 8. Indeed, according to the JUSTIS online docket, the trial court did advise Jones of the trial date during the final pretrial hearing. Further, defense counsel informed the trial court that he had spoken with Jones on Friday, March 18, just three days prior to trial on March 21, and he had reminded Jones of the time and date of his trial. Defense counsel also told the trial court that Jones had not met his mother the morning of trial as planned, and his mother had not known his whereabouts. Finally, at no time prior to trial or since has Jones offered an explanation for his absence.

As our supreme court has recognized, "a defendant cannot be permitted to manipulate the system simply by refusing to show up for trial." Jackson, 868 N.E.2d at

---

2 Our supreme court has noted that "federal law does not permit a defendant to be tried in absentia in federal court if the defendant was not present at the beginning of the trial." Jackson, 868 N.E.2d at 498 n.1. But the United States Supreme Court "has not ruled that trying a defendant in absentia if the defendant was not present at the beginning of the trial violates the Federal Constitution." Id. (citing Crosby v. United States, 506 U.S. 255, 262 (1993)). Accordingly, in Jackson, our supreme court "resolve[d] [that] case under Indiana state law." Id.

5

497. On the record here, we hold that Jones' waiver was knowing and voluntary. See Holtz, 858 N.E.2d at 1062 (holding trial court did not err in trying defendant in absentia where defendant had been advised of trial date on at least two occasions and did not provide any explanation for his absence). Jones has not demonstrated that he was denied his right to be present at his trial under the Sixth Amendment. The trial court did not err when it proceeded with Jones' trial in absentia.

Affirmed.

ROBB, C.J., and VAIDIK, J., concur.