**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

May 25 2012, 8:56 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ANTHONY S. CHURCHWARD**
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN McLEAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KEITH M. BUTLER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1105-CR-187 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable John F. Surbeck, Jr., Judge
Cause No. 02D04-0910-FB-193

**May 25, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Keith Butler appeals his conviction of and sentence for two counts of Class B felony sexual misconduct with a minor,[1] two counts of Class C felony sexual misconduct with a minor,[2] and one count of Class D felony child solicitation.[3]  He presents two issues for our review:

1.      Whether the trial court abused its discretion when it denied Butler's counsel's oral request for a continuance based on Butler's unexplained absence during the second day of trial; and

2.      Whether Butler's sentence is inappropriate based on his character and the nature of his offense.

We affirm.

## FACTS AND PROCEDURAL HISTORY

Beginning in late 2008 or early 2009, Butler began sexually molesting two boys, A.B. and R.B., who were in his care.  On September 7, 2009, A.B. and R.B. told their mother about the molestation.  She contacted the police, who interviewed both boys and obtained a search warrant for Butler's residence.

On October 8, the State charged Butler with two counts of Class B felony sexual misconduct with a minor, two counts of Class C felony sexual misconduct with a minor, and one count of Class D felony child solicitation.  Butler's jury trial began on March 1, 2011,

---

[1] Ind. Code § 35-42-4-9-(a)(1).
[2] Ind. Code § 35-42-4-9(a).
[3] Ind. Code § 35-42-4-6(b).

2

with Butler in attendance. Butler did not appear on the second day, and his counsel requested a continuance to locate him. The trial court denied counsel's request.

The jury found Butler guilty on all counts. The court sentenced him to twenty-four years, with twenty years incarcerated and four years suspended to probation.

## DISCUSSION AND DECISION

### 1. Motion for Continuance

When, as here, a party moves for a continuance not required by statute,[4] we review the court's decision for abuse of discretion. *Flake v. State*, 767 N.E.2d 1004, 1008 (Ind. Ct. App. 2002). An abuse of discretion occurs when the ruling is against the logic and effect of facts and circumstances before the court or the record demonstrates prejudice from denial of the continuance. *Id.* Continuances to allow more time for preparation are generally disfavored in criminal cases. *Risner v. State*, 604 N.E.2d 13, 14 (Ind. Ct. App. 1992), *trans. denied*.

The Sixth Amendment of the United States Constitution and Article 1, Section 13 of the Indiana Constitution give a criminal defendant the right to be present during his trial. A defendant in a non-capital case "may waive his right to be present at trial, but the waiver must be voluntarily, knowingly, and intelligently made." *Holtz v. State*, 858 N.E.2d 1059, 1061 (Ind. Ct. App. 2006), *trans. denied*. When a defendant does not appear in court, notify the trial court, or provide an explanation for his absence, the trial court "may conclude that the defendant's absence is knowing and voluntary and proceed with trial when there is evidence that the defendant knew of his scheduled trial date." *Id.* at 1062.

---

[4] Neither party argues Butler's oral motion for continuance was pursuant to statute.

3

Butler argues the trial court abused its discretion because it denied him his Sixth Amendment right to testify in his own defense. However, Butler was present for the first day of his trial and knew his trial would continue at 9:30 the next morning; still, he did not appear. When Butler was apprehended five days later, he did not explain his absence. The trial court admonished the jury to "put no significance," (Tr. at 254), on Butler's absence, and neither party discussed his absence during closing statements. As Butler knew of the court date, did not explain his absence, and the trial court admonished the jury, we cannot say the trial court abused its discretion when it denied his motion to continue.

Even if there was a Sixth Amendment violation, Butler invited such error by voluntarily and knowingly being absent from the second day of his trial; he cannot now attempt to take advantage of any error which may have occurred. *See Bunting v. State*, 854 N.E.2d 921, 924 (Ind. Ct. App. 2006) ("A party may not sit idly by, permit the court to act in a claimed erroneous manner, and subsequently attempt to take advantage of the alleged error."), *trans. denied*.

2.    Inappropriate Sentence

Even if a trial court has acted within its lawful discretion in determining a sentence, Article VII, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of the sentence. *Abbott v. State*, 961 N.E.2d 1016, 1018 (Ind. 2012). That authority is implemented through Indiana Appellate Rule 7(B), which allows an appellate court to revise a sentence authorized by statute "if, after due consideration of the

4

trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Id.*

Butler offers no argument regarding his character or the nature of the crime. Instead, he discusses the aggravating and mitigating factors the trial court identified when sentencing him. He asks us to find error in the manner in which the trial court considered them, which we cannot do. *See Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007) ("Because the trial court no longer has any obligation to 'weigh' aggravating and mitigating factors against each other when imposing a sentence . . . a trial court can not now be said to have abused its discretion in failing to 'properly weigh' such factors."), *clarified on reh'g*., 875 N.E.2d 218 (Ind. 2007). As Butler has not made a cogent argument regarding this issue, it is waived. *See Day v. State*, 898 N.E.2d 471, 472 (Ind. Ct. App. 2008) (inappropriate sentence argument waived for failure to make cogent argument).

Waiver notwithstanding, Butler's twenty-four year sentence is not inappropriate. Regarding the nature of his offense, Butler sexually molested, for several months, two boys left in his care. One of the boys was a special needs child, and both indicated they were afraid to report the incidents of molestation. Regarding Butler's character, while we note his lack of prior criminal history, that does not overshadow his abuse of trust. *See Booker v. State*, 790 N.E.2d 491, 497 (Ind. Ct. App. 2003) (abuse of position of trust reflects poorly on defendant's character), *trans. denied*. Therefore, we cannot say Butler's sentence is inappropriate.

**CONCLUSION**

We cannot say the trial court abused its discretion when it denied Butler's counsel's oral motion for continuance because Butler knew the date and time of trial and did not explain his absence. Nor can we say his sentence is inappropriate based on the nature of the offense and his character. Accordingly, we affirm.

Affirmed.

CRONE, J., and BROWN, J., concur.