**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 08 2013, 10:04 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**RICHARD L. LANGSTON**
Frankfort, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JEFFREY BOWLES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 12A02-1208-CR-654 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE CLINTON CIRCUIT COURT
The Honorable Linley E. Pearson, Judge
Cause No. 12C01-0907-FD-142

**July 8, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

## STATEMENT OF THE CASE

Jeffrey Bowles ("Bowles") appeals his conviction for Class D felony domestic battery.[1]

We affirm.

## ISSUES

1. Whether the trial court abused its discretion in trying Bowles in absentia.

2. Whether the trial court committed fundamental error in instructing the jury regarding the elements of domestic battery.

3. Whether the evidence is sufficient to sustain Bowles' conviction.

## FACTS

On July 20, 2009, Officer Troy Bacon ("Officer Bacon") with the Frankfort Police Department was dispatched to a fight occurring at the City Lagoons in Frankfort. When Officer Bacon arrived, he observed Melissa Harris ("Harris") yelling at Bowles. Harris was visibly upset and had dirt and gravel on her arms and clothing. Harris told Officer Bacon that she, Bowles, and their teenaged children were at the City Lagoons fishing and swimming. Harris noticed that two of the teenagers were stumbling around and were hard to understand when they spoke. She accused Bowles of putting alcohol in their soft drinks. Bowles and Harris began to argue. Bowles pushed Harris, then grabbed her by the head and threw her on the ground. Harris flagged down Johnny Floyd, who

---

[1] Ind. Code § 35-42-1.3(a).

2

witnessed the incident, and asked him to call the police. Bowles was placed under arrest for domestic battery.

On July 22, 2009, the State charged Bowles with domestic battery, a Class D felony. After several continuances, a jury trial was scheduled for November 8, 2011. Bowles did not appear the morning of trial. Bowles' attorney stated that he had previously informed Bowles of the date and time of the trial. Bowles' attorney also called Bowles on the morning of trial and received no response. During the lunch break, Bowles called his attorney's office, saying that he needed a continuance. Bowles never contacted the trial court or appeared for his trial.

Before closing arguments, the trial court and the parties reviewed the final instructions. The trial court's instruction on domestic battery defined the charge but omitted the element "is or was living as spouse" from the enumeration of what the State was required to prove. (App. 108). Neither party objected to the final instructions, and the jury convicted Bowles of domestic battery.

<u>DECISION</u>

Bowles claims the trial court erred in trying him *in absentia* and committed fundamental error by not instructing the jury on all elements of domestic battery. Bowles also argues that the State did not present sufficient evidence to sustain his conviction for domestic battery. We address each of Bowles' claims separately.

1. <u>Trial In Absentia</u>

Bowles argues that the trial court erred in trying him *in absentia*. A defendant in a criminal proceeding has a right to be present at all stages of his trial. U.S. Const. amend.

3

VI; Ind. Const. art. I, § 13; *Lampkins v. State*, 682 N.E.2d 1268, 1273 (Ind. 1997). A defendant may waive this right and be tried *in absentia* if the trial court determines that the defendant knowingly and voluntarily waived his right to be present. *Lampkins*, 682 N.E.2d at 1273. We will consider the entire record in determining whether a defendant made a voluntary, knowing, and intelligent waiver. *Holtz v. State*, 858 N.E.2d 1059 (Ind. Ct. App. 2006), *trans. denied*. "When a defendant fails to appear for trial and fails to notify the court or provide it with an explanation of its absence, the trial court may conclude that the defendant's absence is knowing and voluntary and proceed with trial where there is evidence that the defendant knew of his scheduled trial date." *Id*. at 1062.

Here, Bowles attorney stated that Bowles knew when his trial would begin. Further, Bowles called his attorney's office after the trial began, spoke to the attorney's secretary, and stated that he needed a continuance. Bowles never contacted the court to explain why he needed a continuance. Explaining his absence at sentencing, Bowles stated the following: "My mother had asked me not to go because she figured that I was gonna go to jail and she needed me there to help take care of my sisters." (Tr. 126). From the record, it is not unreasonable to infer that Bowles knew the date of his trial and should have known that his trial would not be delayed after contacting his attorney's office. Yet, he still failed to appear. Therefore, the trial court did not err in trying Bowles *in absentia*.

2. Fundamental Error

Bowles further contends that the trial court committed fundamental error when it gave a final instruction that omitted the element requiring the State to prove the domestic

4

nature of Bowles' relationship with Harris. We note that in arguing fundamental error from the outset, Bowles essentially concedes that he failed to object to the error when it occurred. Unless his challenge meets the standard for fundamental error, his argument is deemed waived. *Lacy v. State*, 438 N.E.2d 968 (Ind. 1982).

> Appellate courts may, on rare occasions, resort to the fundamental error exception to address on direct appeal an otherwise procedurally defaulted claim. Fundamental error is extremely narrow and available only when the record reveals a clearly blatant violation of basic and elementary principles, where the harm or potential for harm cannot be denied, and which violation is so prejudicial to the rights of the defendant as to make a fair trial impossible.

*Jewel v. State*, 887 N.E.2d 939, 942 (Ind. 2008).

The trial court provided the following final instruction on domestic battery:

> The crime of domestic battery is defined by statute as follows:
>
> A person who knowingly or intentionally touches an individual who is or was a spouse of the other person; is or was living as if a spouse of the other person or has a child in common with the other person, in a rude, insolent, or angry manner that results in bodily injury to the person described, commits battery, a Class A misdemeanor. However, the offense is a Class D felony if the person who committed the offense committed the offense in the physical presence of a child less than sixteen (16) years of age, knowing that the child was present and might be able to see or hear the offense.
>
> To convict the defendant [of], domestic battery, [sic] the State must have proved each of the following elements:
>
> The defendant
> 1. knowingly or intentionally
> 2. touched Melissa Harris
> 3. in a rude, insolent, or angry manner,
> 4. resulting in bodily injury.
>
> If the State failed to prove each of these elements beyond a reasonable doubt, you should find the defendant not guilty.

5

If the State did prove each of these elements beyond a reasonable doubt, you should find the defendant guilty of domestic battery, a Class A misdemeanor.

If the State further proved beyond a reasonable doubt that the person who committed the offense committed the offense in the physical presence of a child less than sixteen (16) years of age, knowing that the child was present and might be able to see or hear the offense, you should find the defendant guilty of domestic battery, a Class D felony.

(App. 108). While the trial court's final instruction does not contain language regarding Bowles' relationship with Harris in the list of elements, the body of the court's final instruction does completely define the crime of domestic battery. In addition, the trial court's preliminary instructions included the omitted element. Our Supreme Court has held that the failure to give a final instruction on the elements of an offense is not fundamental error if the trial court provided those elements in a preliminary instruction, and the defendant failed to object. *Lacy*, 438 N.E.2d at 968. Hence, no fundamental error occurred.

3. Sufficiency of the Evidence

Finally, Bowles argues that the State did not present sufficient evidence to sustain his conviction for domestic battery.

The standard of review for such a challenge is well settled. "[W]e neither reweigh evidence nor judge witness credibility." *Henley v. State*, 881 N.E.2d 639, 652 (Ind. 2008). "We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." *Id.* "We will affirm a conviction if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt." *Id.*

6

To convict Bowles of domestic battery as charged, the State had to prove that Bowles: (1) knowingly or intentionally; (2) touched Harris in a rude, insolent, or angry manner; (3) that resulted in bodily injury; (4) that Harris is or was living as Bowles' spouse; and (5) Bowles committed the offense in front of a child less than sixteen (16) years of age knowing that the child was present and might be able to see or hear the battery taking place. I.C. § 35-42-2-1.3(a).

Bowles claims that the State did not provide sufficient evidence that Harris is or was living as Bowles' spouse. Specifically, Bowles argues that there was insufficient evidence to show that he and Harris were cohabitating or engaged in a romantic relationship. However, the Legislature has provided a non-exclusive list of factors to consider when deciding whether a person was living as the spouse of another for purposes of the domestic battery statute.

> In considering whether a person is or was living as a spouse of another individual for purposes of subsection (a)(2), the court shall review:
>
>> (1) the duration of the relationship;
>>
>> (2) the frequency of contact;
>>
>> (3) the financial interdependence;
>>
>> (4) whether the two (2) individuals are raising children together;
>>
>> (5) whether the two (2) individuals have engaged in tasks directed toward maintaining a common household; and
>>
>> (6) other factors the court considers relevant.

I.C. § 35-42-2-1.3(c).

7

Here, Harris testified at trial that she and Bowles lived together in a house for three (3) years, that she worked while he collected disability, and, as of the trial date, she and Bowles were apart for nine (9) months. At the time of the offense, and apparently at times during the pendency of the case, Bowles and Harris lived together and engaged in an ongoing relationship. Thus, the State presented sufficient evidence to sustain Bowles' conviction for domestic battery.

Affirmed.

KIRSCH, J., and VAIDIK, J., concur.