# FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**BRIAN J. JOHNSON**
Danville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

|  |  |  |
|---|---|---|
| WILLIAM T. CALVERT, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 32A01-1312-CR-535 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HENDRICKS SUPERIOR COURT
The Honorable David H. Coleman, Judge
Cause No. 32D02-1301-CM-114

**July 31, 2014**

**OPINION - FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

William T. Calvert appeals his conviction for illegal consumption of alcohol by a minor, a Class C misdemeanor, following a bench trial. Calvert presents two issues for our review:

1.  Whether the trial court erred when it tried him in absentia while he was on active duty with the United States Army in Afghanistan.

2.  Whether a retrial would violate the prohibition against double jeopardy under Article 1, Section 14 of the Indiana Constitution.

We reverse and remand for a retrial.

## FACTS AND PROCEDURAL HISTORY

During the early morning hours of January 19, 2013, then twenty-year-old Calvert, an Army private stationed at Fort Knox, Kentucky, was visiting friends at a residence in Plainfield when a neighbor called police to report that "young subjects . . . [were] consuming alcoholic beverages and . . . urinating in the yard and causing noise and being disruptive." Tr. at 10. Corporal Scott Neville of the Hendricks County Sheriff's Department arrived at the residence to investigate. When Corporal Neville confronted Calvert, he smelled an odor of alcohol coming from Calvert, who submitted to a portable breath test. The test confirmed that Calvert had consumed alcohol.

The State charged Calvert with illegal consumption of alcohol by a minor, a Class C misdemeanor.[1] The trial court scheduled a bench trial for April 16, 2013. On March 11, 2013, Calvert received Orders for deployment "on or about 16 April 2013."

---

[1] Calvert immediately reported the arrest to a superior in the Army. Calvert was referred to the Army Substance Abuse Program, had his pass privileges revoked, and was ordered to undergo "corrective training." Defendant's Exh. A. The corrective training entailed Calvert's volunteering for MADD ("Mothers Against Drunk Driving") or "some other type of underage drinking program." Id.

2

Appellant's App. at 34. On March 14, Calvert's attorney contacted the prosecutor by email to inform him about the deployment and included a copy of the U.S. Army Orders for deployment "in support of Operating Enduring Freedom Afghanistan." Id. The trial court rescheduled the bench trial on its own motion for June 27.[2] And the court rescheduled the trial again on its own motion for August 15.

On August 12, Calvert's attorney filed a motion to continue the August 15 bench trial. In that motion, Calvert's attorney stated two reasons for seeking the continuance: the attorney's wife had "a post-op appointment with a surgeon the same afternoon and is unable to drive herself to the appointment"; and Calvert "is currently deployed to Afghanistan as a soldier with the U.S. Army." Appellant's App. at 31. The trial court granted that motion and rescheduled the bench trial for October 4.

On October 3, Calvert's attorney moved to continue the October 4 trial, stating that Calvert "is, and has been, deployed to Afghanistan since April of 2013 as part of Operation Enduring Freedom, with said deployment lasting no more than 291 days (see attached exhibit A)." Id. at 33. Calvert's attorney attached an "official copy" of Calvert's deployment orders with the motion to continue. Id. at 34-35. The State filed an objection to the motion to continue, stating:

> 1. This case has been continued three times by the Defendant:
> 6/12/2013—motion filed *one day* before the scheduled suppression hearing
> 8/12/2013—motion filed *three days* before the scheduled trial
> 10/3/2013—motion filed *one day* before the scheduled trial
>
> 2. These last minute continuances create an undue hardship for the State's witness, Cpl. Scott Neville. Each time the case is set for a contested

---

[2] Calvert's attorney had moved to reschedule the June 27 bench trial, but the CCS states that that date was rescheduled on the court's own motion. Calvert also filed a motion to suppress, which the trial court denied following a hearing on July 15.

hearing, he must arrange his schedule to appear for court, reserving the date for a period of months, only to have the case reset by the Defendant at the last minute.

3. Tomorrow's trial was scheduled on 8/12/2013. Thus, the Defendant knew the case was set for trial *for the past 52 days*, yet only now files a motion to continue *the day before trial*.

4. The Defendant provides no reason in his motion for filing a request to continue less than 24 hours from the scheduled trial.

Id. at 36 (emphases original).

The trial court denied the motion to continue and proceeded to try Calvert in absentia on October 4. The court stated:

Well, it seems we have a conflict between the State and Federal law[.] [T]he Federal government apparently thinks it's more important for Mr. Calvert to be in Afghanistan. It's directly in conflict with the statutes that you've cited. I'm going to deny the request for continuance. We'll go ahead with the trial.

Tr. at 8. The trial court found Calvert guilty as charged and entered judgment and sentenced him to sixty days "with credit for 1+1 days served (actual and good time)," and fifty-eight days suspended. Appellant's App. at 45. Calvert's attorney filed a motion to correct error, which the trial court denied. This appeal ensued.

## DISCUSSION AND DECISION

### Issue One: Trial In Absentia

Calvert contends that the trial court erred when it tried him in absentia. Specifically, Calvert maintains that the undisputed evidence shows that he did not have notice of the date of the bench trial and, moreover, that he had good cause for his absence. Accordingly, Calvert asserts that he did not knowingly or intentionally waive his right to be present at his trial. We review such questions for an abuse of discretion.

4

See Brown v. State, 839 N.E.2d 225, 231 (Ind. Ct. App. 2005), trans. denied. A trial court abuses its discretion if its decision is clearly against the logic and effect of the facts and circumstances before the court or if the court misapplies the law. See Speybroeck v. State, 875 N.E.2d 813, 818 (Ind. Ct. App. 2007).

> As our supreme court has stated:
>
> A defendant in a criminal proceeding has a right to be present at all stages of his or her trial. U.S. Const. amend. VI; Ind. Const. art. I, § 13; Fennell v. State, 492 N.E.2d 297, 299 (Ind. 1986). A defendant may waive this right and be tried in absentia if the trial court determines that the defendant knowingly and voluntarily waived that right. Freeman v. State, 541 N.E.2d 533, 535 (Ind. 1989); Fennell, 492 N.E.2d at 299.

Lampkins v. State, 682 N.E.2d 1268, 1273 (Ind. 1997). Further, "[a] defendant's explanation of his absence is a part of the evidence available to this Court on the question of whether it was error to try him in absentia." Id. (quotations omitted).

Here, Calvert's deployment to Afghanistan justified a continuance of his trial. The State of Indiana cannot compel a defendant's presence for a judicial proceeding while, at the same time, the United States compels his absence for active duty in military service overseas. Trial Rule 53.5 provides in relevant part that, "Upon motion, trial may be postponed or continued in the discretion of the court, and shall be allowed upon a showing of good cause established by affidavit or other evidence." Regardless of whether Calvert had actual or constructive knowledge of his trial date, he has shown good cause why he was unable to attend the trial on October 4.[3] Indeed, he was subject to military orders that made it impossible for him to attend the trial while on active duty in

---

[3] We are not persuaded by the State's argument that the trial court properly denied the October 3 motion to continue because the State and its witness were unduly inconvenienced. Any inconvenience to the State is far outweighed by the prejudice suffered by Calvert, who was denied the opportunity to be present at his trial due to his military duty.

Afghanistan. Thus, it cannot be said that he voluntarily waived his right to be present at the trial. See Lampkins, 682 N.E.2d at 1273.

The record indicates that Calvert's attorney was dilatory and inconsiderate of the prosecutor and the trial court when he waited until the day before trial to move for a continuance. His attorney apologized, stated that he did not mean to inconvenience the court, that he understood the State's frustration, and that he accepted responsibility for having filed the motion for a continuance so late. After objecting to the trial on due process grounds, Calvert's attorney even suggested that the court "punish" him rather than his client. Tr. at 9.

Notwithstanding the tardy motion for a continuance, the reason for Calvert's absence is undisputed, and the timing of the motion does not obviate the fact that the motion was made for undeniable good cause. Calvert had a constitutional right to be present at his trial, but he was bound by his U.S. Army Orders for deployment overseas, which compelled him to be absent from the trial. We conclude that the motion for a continuance should have been granted and that Calvert should not have been tried in absentia. Thus, we reverse his conviction.[4]

### Issue Two: Double Jeopardy

Calvert also contends that his retrial is barred by Article 1, Section 14 of the Indiana Constitution. Calvert maintains that the prosecutor committed misconduct both during the course of his trial and in opposition to Calvert's motion to correct error, and

---

[4] Calvert also contends that the trial court erred when it sentenced him in absentia, but, because we reverse his conviction, we need not address the sentencing issue.

6

Calvert urges the application here of a narrow exception to the rule that double jeopardy principles are no bar to retrial following a mistrial. We cannot agree.

We review an alleged double jeopardy violation de novo. See, e.g., Grabarczyk v. State, 772 N.E.2d 428, 432 (Ind. Ct. App. 2002). As our supreme court observed in relevant part in Richardson v. State, 717 N.E.2d 32, 37 n.3 (Ind. 1999), prohibitions against double jeopardy protect against reprosecution of a defendant in limited circumstances after a mistrial has been declared. Under the Fifth Amendment to the United States Constitution, "the United States Supreme Court has provided a narrow exception that bars a second trial after a mistrial '[o]nly where the governmental conduct in question is intended to 'goad' the defendant into moving for a mistrial. . . .'" Butler v. State, 724 N.E.2d 600, 603 (Ind. 2000) (quoting Oregon v. Kennedy, 456 U.S. 667, 676 (1982)).

Calvert did not move for a mistrial, and he was convicted following a bench trial. Nonetheless, Calvert directs us to case law from other jurisdictions where courts have "rejected the rule announced in Kennedy in favor of broader double jeopardy protection based upon state constitutional grounds." Appellant's Br. at 13. For instance, on remand from the United States Supreme Court in Kennedy, the Oregon Supreme Court held that

> a retrial is barred by article I, section 12, of the Oregon Constitution when improper official conduct is so prejudicial to the defendant that it cannot be cured by means short of a mistrial, and if the official knows that the conduct is improper and prejudicial and either intends or is indifferent to the resulting mistrial or reversal.

State v. Kennedy, 666 P.2d 1316, 1326 (Or. 1983) (emphasis added).[5]

Here, while there was no mistrial, Calvert contends, in effect, that the prosecutor advocated an untenable position to the trial court and was indifferent to Calvert's constitutional right to be present at the trial. Calvert reasons that this alleged indifference amounts to prosecutorial misconduct that was so improper and prejudicial that he was denied a fair trial and that his retrial would violate Article 1, Section 14 of the Indiana Constitution. Calvert maintains that the State "advocated a position both at trial and in response to a motion to correct [error] clearly in conflict with well-established statutory and case law, with willful disregard of the resulting reversal." Appellant's Br. at 9. And Calvert alleges that the prosecutor committed misconduct when he suggested that Calvert had enlisted in the Army subsequent to his arrest in an attempt to avoid prosecution (this contention was incorrect: Calvert was in the military and stationed at Fort Knox at the time of his arrest), and the prosecutor erroneously stated that defense counsel had sought a continuance one day before the June 2013 trial date (the motion to continue was filed two weeks before the scheduled trial).

While the State was frustrated by defense counsel's "last minute" motion for a continuance, Appellant's App. at 36, the prosecuting attorney misrepresented to the trial court the timing of Calvert's enlistment in the Army and his motion to continue the June trial, both of which facts were readily ascertainable. But the challenged conduct occurred in argument prior to Calvert's trial and cannot be construed to have been intended to goad Calvert into moving for a mistrial. On these facts, we decline Calvert's invitation to

_____

[5] Calvert correctly observes that the Oregon Constitution was modeled after the Indiana Constitution and that Article I, Section 12 of the Oregon Constitution is identical to Article 1, Section 14 of the Indiana Constitution.

adopt the rule Oregon rule in <u>State v. Kennedy</u> and apply it here.  The general rule is that retrial of a defendant is permissible when the conviction is reversed on grounds other than sufficiency of the evidence.  <u>Hastings v. State</u>, 560 N.E.2d 664, 670 (Ind. Ct. App. 1990), <u>trans. denied</u>.  Because we reverse Calvert's conviction on the basis that the trial court erred when it tried him <u>in</u> <u>absentia</u>, the State may retry Calvert.

Reversed and remanded for a new trial.

VAIDIK, C.J., and BROWN, J., concur.