## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 15 2017, 10:04 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Troy D. Warner
Deputy Public Defender
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Grady Jamal Moss,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

February 15, 2017

Court of Appeals Case No.
71A03-1609-CR-2067

Appeal from the St. Joseph
Superior Court

The Honorable Jeffery L. Sanford,
Judge

Trial Court Cause No.
71D03-1509-F5-199

**Robb, Judge.**

# Case Summary and Issue

Following a jury trial, Grady Moss was convicted of dealing in cocaine as a Level 5 felony. Moss appeals, raising two issues for our review, which we consolidate and state as whether he waived his right to be present at his jury trial. Concluding Moss waived his right to be present, we affirm.

# Facts and Procedural History

Following a controlled buy on September 9, 2015, the State charged Moss with dealing in cocaine as a Level 5 felony. The trial court scheduled a status conference for January 4, 2016, and Moss failed to appear. The trial court rescheduled the status conference and issued a bench warrant for Moss. At the rescheduled hearing on March 14, Moss was present and the trial court informed him the court would hold a pre-trial conference on June 6 and a jury trial would commence on June 20. When Moss expressed concern about being able to remember the trial date, the trial court provided Moss with a reminder card. Moss failed to appear for the pre-trial conference on June 6 and the trial court issued a bench warrant for his arrest. Unable to contact Moss, defense counsel moved to continue the June 20 trial date. After reviewing the relevant case law and discussing the matter with counsel at length, the trial court denied the motion to continue and concluded Moss could be tried *in absentia* if he did not appear at trial on June 20.

Moss did not appear at trial on June 20 and Moss' counsel objected to trying the case *in absentia*, arguing the trial court did not advise Moss his failure to appear at trial could result in a waiver of his right to be present at his trial.[1] The trial court noted the objection and proceeded with trial. The jury found Moss guilty as charged.

On July 12, Moss appeared before the trial court in custody and the trial court entered judgment of conviction. At the sentencing hearing, the following discussion occurred:

> [Trial Court:] All right. Mr. Moss, this is a result of the trial that you were absent from. I think I am required to allow you to give an explanation as to why you weren't here for trial. I think you had told me that you had mixed up the dates?
>
> [Moss:] Yes.
>
> [Trial Court:] Which I don't think is a really strong reason for me to vacate the jury's verdict now. . . . You were here when we set the trial date. . . . You were informed of the trial date. So I think based on that that we can go forward. Okay? So I will listen to your attorney and to you, if you have anything you want to tell me . . . .
>
> * * *

---

[1] The record on appeal does not include the entirety of the parties' discussions with the trial court at the March 14 hearing. Thus, it is not entirely clear whether the trial court explained to Moss he could be tried *in absentia*. For the purposes of this appeal, we address the merits of Moss' claims assuming the trial court did not advise him of the potential waiver

[Moss:]  I apologize for missing court, and I was wrong for that. I'm just sorry for that, and I just want to try and ask you to give me another chance to do the right thing.

Transcript, Vol. 2 at 82-84.  This appeal ensued.

# Discussion and Decision

Moss argues the trial court improperly tried him *in absentia*.  Pursuant to the United States and Indiana Constitutions, a criminal defendant has the right to be present during his or her trial.  *Holtz v. State*, 858 N.E.2d 1059, 1061 (Ind. Ct. App. 2006), *trans. denied*.  A defendant may waive this right so long as the waiver is voluntarily, knowingly, and intelligently made.  *Id*.  When a defendant fails to appear for trial and fails to notify the trial court or provide it with an explanation of his or her absence, the trial court may conclude the defendant's absence is knowing and voluntary and proceed with trial when there is evidence the defendant knew of his or her scheduled trial date.  *Id*. at 1062.  However, a defendant who has been tried *in absentia* must be afforded an opportunity to explain his or her absence in an attempt rebut the initial presumption of waiver.  *Ellis v. State*, 525 N.E.2d 610, 611 (Ind. Ct. App. 1987). "As a reviewing court, we consider the entire record to determine whether the defendant voluntarily, knowingly, and intelligently waived his right to be present at trial."  *Brown v. State*, 839 N.E.2d 225, 228 (Ind. Ct. App. 2005) (citation omitted), *trans. denied*.

Despite this well-established framework for trying defendants *in absentia*, Moss claims two additional requirements must be addressed before a defendant can be tried *in absentia*. First, he cites to *Jackson v. State*, 868 N.E.2d 494 (Ind. 2007), and argues there must be evidence of egregious conduct by the defendant, noting the court's statement that Jackson's absence was "intentional and inexcusable." *Id.* at 496. In *Jackson*, our supreme court concluded the defendant waived his right to be present at his trial, reasoning he was informed of his trial date both orally and in writing and he never contacted the court prior to his trial to address any confusion he might have had about the trial date. *Id.* at 498-99. In fact, the court specifically stated, "Consistent with Indiana law, the trial court properly concluded that Jackson's knowledge of the trial date coupled with a lack of explanation for his absence supported a determination that there was a voluntary and knowing waiver." *Id*. at 499. We therefore cannot read *Jackson* as indicating or implying there must be evidence of egregious conduct by the defendant before the defendant may be tried *in absentia*.

Second, he cites to *Holtz* and argues the trial court is also required to advise a defendant a failure to appear at trial could result in a waiver of his or her right to be present at trial. In *Holtz*, we found no error in the defendant being tried *in absentia*, reasoning in part that the trial court had already informed the defendant the trial may proceed regardless of his attendance. 858 N.E.2d at 1062. However, we did not state as a matter of law the trial court is required to advise a defendant his absence from trial could result in waiver. Rather, the

defendant in *Holtz* was merely present in court when the trial court informed him of his trial date and did not give a justifiable reason for his absence. Consistent with a number of cases from this court and our supreme court, this was and remains sufficient evidence to establish a defendant knowingly waived his or her right to be present at trial. *See, e.g.*, *Jackson*, 868 N.E.2d at 498; *Lampkins v. State*, 682 N.E.2d 1268, 1273 (Ind. 1997); *Calvert v. State*, 14 N.E.3d 818, 821 (Ind. Ct. App. 2014); *Brown*, 839 N.E.2d at 227-28; *Soliz v. State*, 832 N.E.2d 1022, 1029 (Ind. Ct. App. 2005), *trans. denied*; *Ellis*, 525 N.E.2d at 611. The fact the trial court advised the defendant in *Holtz* of the potential waiver is merely *additional* evidence showing the defendant knowingly waived the right to be present at trial and we conclude such evidence is not a prerequisite to trying a defendant *in absentia*.

[8] Consistent with our case law, the trial court informed Moss of his trial date. In addition, the trial court provided Moss with a reminder card containing the trial date. Moss did not appear at the June 6 pre-trial conference or at trial on June 20. Moss did not contact his attorney or the trial court and notify them he would be absent. When Moss finally appeared in custody, the trial court gave Moss an opportunity to explain his absence. Moss claimed he misunderstood the trial dates, and when given an opportunity to elaborate further, he only apologized for his absence and stated he was "wrong for that." Tr., Vol. 2 at 84. We do not agree such an explanation rebuts the presumption of waiver already established by Moss' knowledge of the trial date and failure to appear, especially in light of the fact the trial court gave Moss a card reminding him of

the trial date. *Compare Calvert*, 14 N.E.3d at 822-23 (concluding a defendant's deployment to Afghanistan justified his absence at trial), *with Brown*, 839 N.E.2d at 231 (concluding a defendant's assertion he was in another county's jail during his trial was not an adequate explanation for his absence when he was present in court when the trial date was set and he chose not to communicate his predicament to his counsel). We conclude Moss knowingly, voluntarily, and intelligently waived his right to be present at trial.[2]

# Conclusion

[9] Moss waived his constitutional right to be present at his trial. Accordingly, we affirm.

[10] Affirmed.

Kirsch, J., and Barnes, J., concur.

---

[2] Because Moss knowingly waived his right to be present at trial, we conclude all other claims presented in the Brief of Appellant fail.