## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 28 2018, 10:30 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Daniel K. Whitehead
Yorktown, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill
Attorney General of Indiana

Monika Prekopa Talbot
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Glen A. Carnahan,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | September 28, 2018<br><br>Court of Appeals Case No.<br>18A-CR-90<br><br>Appeal from the Madison Circuit Court<br><br>The Honorable Mark Dudley, Judge<br><br>Trial Court Cause No.<br>48C06-1605-F4-938 |

**Crone, Judge.**

# Case Summary

Glen A. Carnahan appeals his convictions, following a jury trial, for one count of class C felony child molesting and one count of level 4 felony child molesting. The dispositive issue presented for our review is whether the trial court abused its discretion in excluding certain evidence. Concluding that the trial court indeed abused its discretion and impacted Carnahan's substantial rights, we reverse and remand for a new trial.

# Facts and Procedural History

The facts most favorable to the jury's verdict indicate that C.D. was born on July 22, 2007. Carnahan is C.D.'s mother's former stepfather, and C.D. referred to him as his "papaw." Tr. Vol. 1 at 209. At the age of two, C.D. began residing with Carnahan and Carnahan's daughter, Daisha, because both of C.D.'s parents were incarcerated, and Daisha obtained legal custody of C.D. During that time, on more than one occasion, Carnahan touched C.D. on the belly, back, "butt," and "pee-pee." *Id*. at 210. Carnahan touched C.D. under his clothes with his hand. When touching C.D.'s "pee-pee," Carnahan would "play[] with it and squeeze[] and stuff like that." *Id*. at 214. Carnahan would also squeeze C.D.'s "butt." *Id*. The touching occurred multiple times at Carnahan's house, in his upstairs bedroom. The first touching occurred when C.D. was six years old, and the last touching occurred around April of 2015.

C.D. moved back in with his mother in December 2015. C.D. began inappropriately touching his mother's girlfriend's five-year-old son, and he also

inappropriately touched his eight-year-old stepsister. C.D. eventually told his mother what Carnahan had done to him. C.D.'s mother immediately called the police.

[4] On May 12, 2016, the State charged Carnahan with two counts of level 4 felony child molesting. The State later amended the information and charged Carnahan with one count of class C felony child molesting and one count of level 4 felony child molesting. Both amended counts involved victim C.D.; one count alleged that Carnahan committed child molesting between July 1, 2013, and June 30, 2014, and the other count alleged that he committed child molesting between July 1, 2014, and December 31, 2015. Thereafter, the State again amended the information. The State alleged that Carnahan committed class C felony child molesting against C.D. between July 22, 2013 and June 30, 2014, and level 4 felony child molesting against C.D. between July 1, 2014 and December 25, 2015.

[5] A jury trial was held on November 15 and 16, 2017. The jury found Carnahan guilty as charged. The court sentenced him to concurrent terms of six years on the class C felony and nine years on the level 4 felony. This appeal ensued.

## Discussion and Decision

## Section 1 – The trial court abused its discretion and committed reversible error in excluding certain evidence.

[6] Carnahan asserts that the trial court abused its discretion and committed reversible error in excluding certain evidence. We review the trial court's

exclusion of evidence only for an abuse of discretion. *Wilson v. State*, 765 N.E.2d 1265, 1272 (Ind. 2002). An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances presented. *Hardiman v. State*, 726 N.E.2d 1201, 1203 (Ind. 2000). Even if a trial court errs in its evidentiary ruling, we will not overturn the conviction if the error is harmless. *Appleton v. State*, 740 N.E.2d 122, 124 (Ind. 2001). An error is harmless when it results in no prejudice to the substantial rights of a party. *Durden v. State*, 99 N.E.3d 645, 652 (Ind. 2018).

[7] During trial, Carnahan sought to admit extrinsic evidence that C.D. had made a prior statement to his aunt Daisha that was inconsistent with his trial testimony. Carnahan sought to introduce this evidence during cross-examination of C.D. by first asking C.D. generally about a conversation he had with Daisha, and then about the specific prior statement in which C.D. allegedly recanted his molestation claims. The State objected to Carnahan's attempt to question C.D. about the specific statement, and the trial court sustained the objection. After C.D. was done testifying, Carnahan informed the trial court that he wanted to introduce testimony from Daisha regarding C.D.'s alleged prior inconsistent statement. After a lengthy discussion outside the presence of the jury, the trial court conceded that it had erroneously sustained the State's objection during Carnahan's cross-examination of C.D., and that Carnahan should have been permitted to confront C.D. with the prior statement. Nevertheless, the court determined that Daisha was precluded from testifying regarding the statement, and further that Carnahan would not be

permitted to recall C.D. to the stand for any reason. Carnahan then made an offer to prove during which Daisha testified that C.D. told her that Carnahan had never touched him inappropriately.

[8] On appeal, Carnahan asserts that the trial court abused its discretion in excluding Daisha's testimony. We agree.

[9] Indiana Evidence Rule 613(b) states in relevant part:

> Extrinsic evidence of a witness's prior inconsistent statement is admissible only if the witness is given an opportunity to explain or deny the statement and an adverse party is given an opportunity to examine the witness about it, or if justice so requires. This subdivision does not apply to an opposing party's statement under 801(d)(2).

[10] In *Griffith v. State*, 31 N.E.3d 965 (Ind. 2015), our supreme court looked to the approach taken by federal courts interpreting Federal Rule of Evidence 613(b) and determined that the requirement that a witness be given an opportunity to explain or deny a prior inconsistent statement may be afforded to that witness at any point during the proceedings. *Id*. at 972. The court explained, however, that "confronting a witness with his inconsistent statement prior to its introduction into evidence" is the "preferred method of proceeding." *Id*. (citation omitted). The court reasoned that this approach "avoids the risk that a witness may become unavailable as the trial proceeds and consequently could not be recalled to explain or deny the prior statement." *Id*. Additionally, the *Griffith* court recognized that "the preferred approach may make it easier for a

jury to understand the context of the intended impeachment." *Id.* The court went on to explain:

> Despite this preferred method, trial courts are still given broad discretion in excluding or admitting extrinsic evidence under Rule 613(b). We encourage trial courts to consider a variety of relevant factors in making the determination to admit or exclude extrinsic evidence, such as the availability of the witness, the potential prejudice that may arise from recalling a witness only for impeachment purposes, the significance afforded to the credibility of the witness who is being impeached, and any other factors that are relevant to the interests of justice.

*Id.*

We conclude that the trial court here abused its discretion in excluding Daisha's testimony regarding C.D.'s alleged prior inconsistent statement. First, the significance of C.D.'s credibility cannot be overstated. The State's case against Carnahan rested entirely upon C.D.'s uncorroborated testimony.[1] In other words, it was essentially C.D.'s word against Carnahan's. Therefore, Daisha's impeachment testimony was critical to Carnahan's defense. Second, the trial court was responsible, due to its erroneous ruling sustaining the State's objection, for Carnahan's failure to follow the "preferred method" of confronting C.D. with the statement when he was originally on the witness stand. *Id.* There is nothing in the record to indicate that C.D. was

---

[1] Indeed, during closing argument, the State made this telling statement to the jury: "If you believe C.D., the defendant is guilty." Tr. Vol. 3 at 27.

subsequently unavailable to testify, and the State failed to establish any potential prejudice that would have arisen from recalling C.D. as a witness to give him an opportunity to explain or deny the statement.[2] Based upon the circumstances and the sequence of events at trial, and in the interests of justice, the trial court should have rectified this situation by permitting Daisha to testify regarding the alleged statement made to her by C.D., and then giving the State the opportunity to recall C.D. to the stand to explain or deny the statement. *See id.* at 971. The trial court's failure to do so was an abuse of discretion.

[12] Moreover, the trial court's error in this regard was not harmless. The erroneous exclusion of evidence does not require a reversal if "its probable impact on the jury, in light of all of the evidence in the case, is sufficiently minor so as not to affect the defendant's substantial rights." *Vasquez v. State*, 868 N.E.2d 473, 477 (Ind. 2007). As stated above, C.D.'s credibility was central to this case. Thus, the exclusion of Daisha's testimony impeaching that credibility significantly affected Carnahan's substantial rights. Accordingly, we reverse Carnahan's convictions.

## Section 2 – The evidence is sufficient to support Carnahan's class C felony conviction.

[13] We briefly address Carnahan's sufficiency of the evidence argument simply to dispel any question as to the State's ability to retry him on both charges.

---

[2] The trial court denied C.D. the opportunity to explain or deny the prior statement by ruling that neither party could recall him as a witness.

Carnahan concedes that the State presented sufficient evidence to support his level 4 felony child molesting conviction but asserts that the State presented insufficient evidence to support his class C felony child molesting conviction. The entirety of his argument is that the specific commission date of the offense covered by the class C felony charge is not clear from C.D.'s testimony. However, given that time is not of the essence in child molesting cases except in limited circumstances not applicable here, we do not find the evidence to be insufficient due to any failure by the State to prove the specific date of the offense alleged in the information. *Barger v. State*, 587 N.E.2d 1304, 1307 (Ind. 1992) (exact date becomes important only where victim's age at time of offense falls at or near dividing line between classes of felonies).[3]

[14] The general rule is that retrial of a defendant is permissible when the convictions are reversed on grounds other than sufficiency of the evidence. *Calvert v. State*, 14 N.E.3d 818, 823 (Ind. Ct. App. 2014). Because we reverse Carnahan's convictions on the basis that the trial court erred when it excluded evidence, the State may retry Carnahan.

---

[3] Carnahan's argument is that the State failed to prove that he committed child molesting during the time frame alleged in the information for the class C felony. *See* Appellant's App. Vol. 2 at 50 (alleging that "[o]n or between July 22, 2013, and June 30, 2014," Carnahan, "with a child under fourteen years of age, specifically, C.D., performed or submitted to any fondling or touching, of either the child or himself, with intent to arouse or to satisfy the sexual desires of either the child or himself"). Contrary to Carnahan's assertion, C.D. unequivocally testified that Carnahan molested him multiple times, and that he was six years old when the molestations began, and around nine years old when they ended. C.D. would have been six years old between July 22, 2013, and June 30, 2014. The only reason the specific time frame has any relevance here, in turn causing the State to charge Carnahan differently for each molestation offense, was due to amendments to Indiana criminal statutes as of July 1, 2014. *See* Ind. Code § 35-42-4-3(b) (changing the crime of child molesting from a class C to a level 4 felony).

Reversed and remanded for a new trial.

Najam, J., and Pyle, J., concur.